William FISHER, Plaintiff-Appellant,

v.

The CITY OF NEW YORK, Defendant-Appellee.

No. 213, Docket 27848.

United States Court of Appeals Second Circuit.

Submitted Jan. 18, 1963.

Decided Jan. 24, 1963.

William B. Moore, New York City, for plaintiff-appellant.

Leo A. Larkin, Corp. Counsel, New York City, and Seymour B. Quel, New York City, for defendant-appellee.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

■ Insofar as plaintiff's claim seeking monetary compensation from the municipality for his eleven year imprisonment after a conviction for manslaughter in violation of due process of law, is based upon 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, we affirm on the ground of lack of jurisdiction. The attempt to distinguish Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Egan v. City of Aurora, 1961, 365 U.S. 514, 81 S.Ct.

684, 5 L.Ed.2d 741, and Spampinato v. City of New York, 2 Cir., 1962, 311 F.2d 439, is "patently without merit." Bell v. Hood, 1946, 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 939.

■ Insofar as plaintiff's claim is based, not on the Civil Rights Act, but directly upon Section 1 of the Fourteenth Amendment to the United States Constitution, we affirm on the ground that plaintiff has not stated a claim upon which relief can be granted under Rule 12 (b) (6) of the Federal Rules of Civil Procedure. See Bell v. Hood, supra; Shaffer v. Jordan, 9 Cir., 1954, 213 F.2d 393, 396–397.

Affirmed.