**Marie SNEAD, Plaintiff,**

v.

**DEPARTMENT OF SOCIAL SERVICES OF the CITY OF NEW YORK, a governmental agency, et al., Defendants.**

**No. 72 Civ. 4536.**

United States District Court,
S. D. New York.

Nov. 18, 1974.

Covington, Grant, Howard, Hagood & Holland, Albert Holland, New York City, of counsel; Thomas Hoffman and Nathaniel R. Jones, James I. Meyerson, N. A. A. C. P., New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for State defendants; Lillian Z. Cohen, Asst. Atty. Gen., of counsel.

Adrian P. Burke, Corp. Counsel, New York City, for City defendants; A. Michael Weber, Asst. Corp. Counsel, New York City, of counsel.

Before MULLIGAN, Circuit Judge, and WEINFELD and BRYAN, District Judges.

1. 355 F.Supp. 764 (S.D.N.Y.1973).

2. 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The Supreme Court's action vacating and remanding this case is reported at 416 U.S. 977, 94 S.Ct. 2376, 40 L.Ed.2d 755 (1974).

## OPINION

### PER CURIAM:

The Supreme Court has vacated the judgment entered pursuant to our opinion of March 12, 1973,[1] and remanded the case for further consideration in light of its decision in Arnett v. Kennedy.[2] We adhere to our prior ruling.

Careful consideration of *Arnett* does not require any change in this court's conclusion that the procedures challenged in this case do not comport with due process. The statutory and regulatory scheme approved in *Arnett* provided the following procedural safeguards:

"The affected employee is provided with 30 days advance written notice of the reasons for his proposed discharge and the materials on which the notice is based. He is accorded the right to respond to the charges both orally and in writing, including the submission of affidavits. Upon request, he is entitled to an opportunity to appear personally before the official having the authority to make or recommend the final decision. Although an evidentiary hearing is not held, the employee may make any representations he believes relevant to his case. After removal, the employee receives a full evidentiary hearing, and is awarded back-pay if reinstated." [3]

These safeguards far surpass the meagre procedural protections accorded the plaintiff in this case.[4]

In considering what procedures would satisfy due process, we concluded in our prior opinion that the "defendants must conduct an adversarial hearing before

3. Arnett v. Kennedy, 416 U.S. 134, 164, 170, 94 S.Ct. 1633, 1652, 40 L.Ed.2d 15 (1974) (Powell, J., concurring in part).

4. The procedures in this case are set forth in the initial opinion in the case, 351 F. Supp. 1360, 1362–1364 (S.D.N.Y.1974), and are analyzed at length in the subsequent opinion, 355 F.Supp. 764 (S.D.N.Y.1973).

placing civil service employees in permanent status on involuntary leave of absence for mental unfitness in the absence of exceptional circumstances requiring immediate action." [5] It may be acknowledged that the prior adversarial hearing we envisioned is a more substantial procedure than what was approved in *Arnett*. Nevertheless, upon reconsideration of this aspect of our holding, we are convinced that it is fully justified by a critical difference between this case and *Arnett*. The plaintiff in this case is faced with a substantially greater threat to her liberty and property—as measured by potential lasting harm to reputation and employability caused by an initial adverse determination [6]—than was the plaintiff in *Arnett*. The most serious charge against the plaintiff in *Arnett* was that he recklessly made public accusations that his superiors in the Office of Economic Opportunity ("OEO") had attempted to bribe a representative of a community organization. It may be questioned whether the reputation of one making serious false accusations against public figures is in this day impaired at all—witness the almost daily accusations made by and against men in public life. But assuming it is, such a person's reputation is more quickly and readily restored by a reversal at a subsequent hearing than is the reputation of an employee wrongfully placed on involuntary leave of absence upon an initial finding of mental unfitness. An initial finding of mental unfitness would not be quickly forgotten, and lingering doubts might continue to mar a person's reputation after he is found at a subsequent hearing to be mentally fit. Additionally, despite greater understanding of mental illness than was the case a generation ago, the fact is that employment opportunities are reduced where an employer's files contain a finding—even a preliminary finding—of mental illness, which can be made available to any inquiring prospective employer. On the other hand, the damage to reputation attending an initial adverse determination in *Arnett* would be removed completely by a prompt subsequent vindication based upon a finding either that the accusation was not made or that it was true; and while some damage to reputation might remain after a subsequent vindication based upon a finding that the accusation, though false, was not reckless, that damage could be attributed to the employee's decision to make the accusation—a decision presumably made with recognition of the possible consequences to his reputation.

Since an initial adverse determination is likely to produce more substantial harm to reputation and employability in this case than in *Arnett*, and since that harm is less easily eliminated by a subsequent vindication in this case than in *Arnett*, due process requires the observance here of more adequate safeguards against an incorrect initial determination. We therefore reaffirm our conclusion that absent exceptional circumstances a prior adversarial hearing must be held, the precise form of which, as we previously noted, we do not prescribe but leave to the State to meet the test of "rudimentary due process."

5. 355 F.Supp. at 773.

6. *See* Board of Regents v. Roth, 408 U.S. 564, 572–574, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).