Marie SNEAD, Plaintiff,

v.

DEPARTMENT OF SOCIAL SERVICES
OF the CITY OF NEW YORK, a governmental agency, et al., Defendants.

No. 72 Civil 4536.

United States District Court,
S. D. New York.

July 22, 1975.

Covington, Grant, Howard, Hagood & Holland, New York City, (Albert Holland, New York City, of counsel), Thomas Hoffman, New York City, Nathaniel R. Jones, James I. Meyerson, N.A.A.C.P., New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, (Lillian Z. Cohen, Amy Juviler, Asst. Attys. Gen., of counsel), for state defendants.

W. Bernard Richland, Corp. Counsel New York City (A. Michael Weber, Asst. Corp. Counsel, New York City, of counsel), for city defendants.

Before MULLIGAN, Circuit Judge, and WEINFELD and BRYAN, District Judges.

OPINION

PER CURIAM:

After the Supreme Court vacated the judgment entered pursuant to our initial opinion holding that section 72 of the New York Civil Service Law, McKinney's Consol. Laws, c. 7, is unconstitutional,[1] and remanded the case for further consideration in light of *Arnett v. Kennedy*,[2] we reaffirmed our initial holding on November 18, 1974.[3] The Supreme Court has again vacated the judgment and remanded the case, this time for consideration of the question of mootness.[4]

1. 355 F.Supp. 764 (S.D.N.Y.1973).

2. 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The Supreme Court's initial remand is reported at 416 U.S. 977 (1974).

3. 389 F.Supp. 935, (S.D.N.Y.1974).

4. 421 U.S. 982, 95 S.Ct. 1985, 44 L.Ed.2d 474 (May 27, 1975).

The State's motion to amend that re-affirmed judgment specifically raised the question of mootness in the same posture in which it is now presented. After due consideration, the motion was denied.

After this Court's initial decision ordering plaintiff's reinstatement with back pay, the parties entered into a stipulation that provided, pending final disposition of the appeal by the Supreme Court, for plaintiff's reinstatement and a stay of the back pay award. Plaintiff has been reinstated to her former position and is receiving her current salary, but the City stubbornly refuses to give her back pay. Thus, back pay, which this Court has indicated from the outset is an essential element of full relief,[5] continues to be withheld pursuant to a statute that this court has held unconstitutional Under the circumstances, the case is clearly not moot.[6]

Plaintiff is entitled to the entry of judgment declaring the statute unconstitutional and providing for back pay for the period of her involuntary leave of absence together with interest thereon. Judgment may be entered accordingly.

---

5. 351 F.Supp. 1360, 1366 (S.D.N.Y.1972); 355 F.Supp. 764, 773. *Cf.* Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 44 L.Ed.2d 280 (June 25, 1975).

6. *See* Powell v. McCormack, 395 U.S. 486, 495–500, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).