Marie SNEAD, Plaintiff,

v.

**DEPARTMENT OF SOCIAL SERVICES OF the CITY OF NEW YORK, a governmental agency, et al., Defendants.**

No. 72 Civ. 4536.

United States District Court,
S. D. New York.

Dec. 10, 1975.

---

Nathaniel R. Jones, James I. Meyerson, N.A.A.C.P., New York City, Thom-as Hoffman, New York City, for plaintiff.

W. Bernard Richland, Corp. Counsel, New York City, for municipal defendants; Eileen Shapiro, Asst. Corp. Counsel, New York City, of counsel.

Before MULLIGAN, Circuit Judge, and WEINFELD and BRYAN, District Judges.

## OPINION

EDWARD WEINFELD, District Judge.

This belated motion by the City of New York defendants to dismiss the complaint on the ground that the court lacks jurisdiction to grant plaintiff's claim for damages requires a brief history of this litigation, now approaching its fourth year, in which time the case has been before the Supreme Court twice without a final determination on the merits.

Plaintiff, a Civil Service social worker in the employ of New York City's Department of Social Services, was placed on involuntary leave without a hearing. She commenced this action on October 25, 1972, upon a claim that section 72 of the New York Civil Service Law, which governs leaves of absence for mentally unfit Civil Service employees, was unconstitutional. She moved for (1) the convening of a three-judge court, and, pending the final determination of the merits by the panel, (2) a preliminary injunction and a temporary restraining order directing defendants to reinstate plaintiff with back pay. Jurisdiction was predicated upon 28 U.S. C., sections 1331, 1343(3) and 1343(4) and 42 U.S.C., section 1983.

The defendants cross-moved to dismiss the complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure on the grounds that the court lacked subject matter jurisdiction and the complaint failed to state a claim upon which relief may be granted. The motion to convene a three-

judge court was granted, but the motion for temporary injunctive relief directing her reinstatement with back pay was denied.[1]

Thereafter, the defendants argued before the three-judge court for dismissal of the action upon the grounds (1) that the statute comported with due process requirements, (2) that plaintiff failed to exhaust administrative remedies, and (3) that this court should abstain from a determination on the merits in order to afford the state courts an opportunity to construe section 72 to meet plaintiff's constitutional challenge. The three-judge court rejected the defendants' contentions, declared section 72 of the New York Civil Service Law unconstitutional, enjoined defendants from taking any action thereunder, and ordered that plaintiff be reinstated with back pay for the period of her involuntary leave of absence.[2]

Upon appeal, the Supreme Court vacated the judgment and remanded the case for further consideration of the due process issue in the light of its decision in *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).[3] After hearing further argument following the remand, this court, holding that there were critical differences between *Arnett* and this case, adhered to its prior ruling that the New York statute did not comply with due process requirements.[4] Upon defendants' appeal from this determination, the Supreme Court again vacated the judgment, this time remanding the case to the three-judge court for consideration of the question of mootness.[5] While the Supreme Court did not identify the mootness issue, evidently its remand was based upon the fact that plaintiff had been reinstated to her former position. The three-judge court, upon this second remand, heard argument and determined on July 22, 1975 that the action was not moot since plaintiff's original prayer for relief, in addition to seeking a declaration that section 72 was unconstitutional, also sought reinstatement to her former position with back pay.[6] Although plaintiff had been reinstated, the "City stubbornly refuse[d] to give her back pay," which had been directed by the three-judge court in its original disposition in March 1973. Accordingly, the three-judge court held that plaintiff was entitled to judgment awarding her back pay.

Up to this point in the litigation, the defendants in the various challenges to plaintiff's claims for relief never made any contention as to lack of jurisdiction or failure to state a claim with respect to the demand for back pay. Following the three-judge court's latest ruling that the action was not moot, the plaintiff in August 1975 proposed a judgment which, among other matters, declared the state statute unconstitutional, directed plaintiff's reinstatement (which already was in effect), adjudged plaintiff entitled to recover $12,630 in back pay from the municipal defendants, and awarded her sick leave and vacation benefits of which she had been deprived during her involuntary leave of absence. After a delay occasioned by dilatory tactics of the Corporation Counsel assistants, during which they failed to object or consent to the form of the proposed judgment, plaintiff's counsel was forced to move for the entry of a formal judgment to effectuate this court's ruling. Then, for the first time during the entire course of this litigation, the municipal defendants raised the issue of lack of jurisdiction with respect to the plaintiff's claim for back pay. In opposing plaintiff's

1. *Snead v. Department of Social Services*, 351 F.Supp. 1360 (S.D.N.Y.1972).

2. *Snead v. Department of Social Services*, 355 F.Supp. 764 (S.D.N.Y.1973).

3. 416 U.S. 977, 94 S.Ct. 2376, 40 L.Ed.2d 755 (1974).

4. *Snead v. Department of Social Services*, 389 F.Supp. 935 (S.D.N.Y.1974).

5. 421 U.S. 982, 95 S.Ct. 1985, 44 L.Ed.2d 474 (1975).

6. *Snead v. Department of Social Services*, 409 F.Supp. 994 (S.D.N.Y.1975).

motion for entry of judgment, they renewed an earlier motion to dismiss the complaint denied almost three years ago, now moving to dismiss pursuant to Rules 12(b)(6) and 12(h)(3) on the new "grounds that the Court lacks jurisdiction to grant plaintiff's claim for damages." Essentially they urge, in reliance upon *City of Kenosha v. Bruno* [7] and *Monroe v. Pape*,[8] that municipalities may not be held liable for equitable relief or damages in an action for violation of civil rights under 42 U.S.C., section 1983, and hence the court was without jurisdiction over such a claim under 28 U.S.C., section 1343. But accepting the principle of nonliability of the municipal defendants under those provisions does not resolve the question now presented in this case, which from its inception has generated its own facts.

Preliminarily, it is observed that this is not a civil rights class action. While plaintiff asserted a claim under the Civil Rights Act, 42 U.S.C., section 1983, and with respect thereto alleged jurisdiction under 28 U.S.C., sections 1343(3) and (4), she did not confine her claim or jurisdiction to those provisions. Plaintiff, aggrieved by her suspension as a Civil Service employee, charged that the state statute was void for denial of her right to due process under the Fourteenth Amendment. Specifically, she alleged that the action was one "seeking redress for the deprivation of [her] constitutional and civil rights, the matter in controversy exceeding the value of $10,000, exclusive of interest and costs." Thus, in this aspect of her case, she squarely grounded jurisdiction on section 1331(a), which provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

Since plaintiff alleged a deprivation of her constitutional rights and her damage claim was in excess of $10,000, there can be no doubt that the court had "federal question" jurisdiction of her claim under that section.

Defendants' position is that plaintiff having been awarded a judgment declaring section 72 unconstitutional and having been reinstated to her job, the court had thereby exhausted its jurisdiction and had no subject matter jurisdiction over the back wage aspect of her claim, since it was not one "arising under" the Constitution or laws of the United States. This effort to truncate the court's jurisdiction with respect to the back pay claim after judgment in plaintiff's favor must fail.

■ The municipal defendants' challenge to an award of damages is that Congress did not expressly grant the district court power to hear such a cause of action premised directly upon the Fourteenth Amendment. The argument proceeds further that Congress affirmatively created such a cause of action to enforce the Fourteenth Amendment when it passed the Civil Rights Act of 1871 (now 42 U.S.C., section 1983), and since it created no other right of action predicated directly on the Fourteenth Amendment there is no jurisdiction under section 1331—in sum, absent an express congressional authorization to award damages for a violation of Fourteenth Amendment rights, the courts lack jurisdiction to make such an award.

This argument blurs the distinction between subject matter jurisdiction and failure to state a claim. It runs directly afoul of the principles announced in *Bell v. Hood*.[9] There plaintiffs sought damages for alleged violations of their rights under the Fourth and Fifth

7. 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

8. 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

9. 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Amendments and asserted jurisdiction under 28 U.S.C., section 41(1), the predecessor of section 1331. The district court dismissed the action, and the Court of Appeals affirmed [10] on the ground it was not one that arose "under the Constitution or laws of the United States . . .," as required by 28 U.S.C., section 41(1), and the court therefore lacked subject matter jurisdiction. The Supreme Court reversed, holding:

> "[W]here the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit.
>
> . . . . . .
>
> "Jurisdiction . . . is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then

dismissal of the case would be on the merits, not for want of jurisdiction.

. . . . . .

> "[T]he right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." [11]

This holding was reaffirmed in *Wheeldin v. Wheeler*,[12] and recently adopted by the Second Circuit in a case cited by the parties which considered but did not pass upon the very question raised here—whether there is an implied right to damages under the Fourteenth Amendment.[13]

The defendants' reliance upon *City of Kenosha v. Bruno*,[14] the Supreme Court's latest ruling which recognized that a municipality is immune from a claim under the Civil Rights Act and consequently that the Court lacks jurisdiction under section 1343, is misplaced. It is significant that the majority remanded the case to the district court to consider the availability of section 1331 jurisdiction, which had been alleged but not passed upon by the court below. Additionally, Mr. Justice Brennan, in his concurrence, joined in by Mr. Justice Marshall, stated:

> "If appellees can prove their allegation that at least $10,000 is in controversy, then § 1331 jurisdiction is available. *Bell v. Hood*, 327 U.S. 678 [66

10. 150 F.2d 96 (9th Cir. 1945).

11. 327 U.S. at 681–82, 685, 66 S.Ct. at 776.

12. 373 U.S. 647, 649, 83 S.Ct. 1441, 10 L.Ed. 2d 605 (1963).

13. *See Brault v. Town of Milton*, 527 F.2d 730, 736 (2d Cir., 1975) (en banc):
"Federal jurisdiction is invoked under 28 U.S.C. § 1331, the complaint alleging that the amount in controversy exceeds $10,000. Since plaintiffs have drawn their complaint so as to seek recovery under the Constitution and laws of the United States, this court has jurisdiction to hear the case, even if the complaint ultimately fails to state a claim. *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)."

The majority of the en banc panel in *Brault* held that the plaintiffs did not establish that their Fourteenth Amendment rights had been violated, and therefore did not have to decide whether such a violation would give rise to a damage claim. It is interesting to note that in *Fisher v. City of New York*, 312 F.2d 890 (2d Cir. 1963), the Second Circuit had held that there was no implied right to damages under the Fourteenth Amendment. The basis for the dismissal of the action, however, was not lack of subject matter jurisdiction, but failure to state a claim upon which relief could be granted. *See also Dexter v. Equitable Life Assur. Soc'y*, 527 F.2d 233 (2d Cir. 1975).

14. 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

S.Ct. 773, 90 L.Ed. 939] (1946); cf. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 [91 S.Ct. 1999, 29 L.Ed. 2d 619] (1971) . . . ." [15]

Plaintiff's claim was in excess of $10,000 and recovery was sought for a violation of her constitutional rights. The court had jurisdiction to hear and determine the suit under section 1331(a).[16]

Although the defendants now expressly disavow any attack "based upon plaintiff's failure to allege facts sufficient to state a cause of action," [17] in view of the history of this case this branch of the motion also should be resolved and put to rest. First, to the extent that this attack is a renewal of the City's earlier motion to dismiss, it may properly be denied for failure to comply with Local General Rule 9(m).[18] But there are additional and weightier reasons for its denial.

■ Plaintiff's claim for back wages has been in the case from its very inception, and the three-judge court in its original disposition on March 12, 1973 "ordered that plaintiff be reinstated with back pay for the period of her involuntary leave of absence." On March 27, 1973, the municipal defendants and plaintiff stipulated "that the back pay award be stayed pending the final deposition [sic] of the appeal of the adjudicated decision." The recognition that a claim for back pay had been made and allowed,

and the failure of defendants to raise their current contention until long after the adjudication upon the merits in plaintiff's favor, forecloses defendants' attack for failure to state a claim. If, as stated in *Bell v. Hood,* "the failure to state a proper cause of action calls for a judgment on the merits," then a litigant should not be permitted to raise such a failure after a determination on the merits. This view finds support in Rule 12(h)(2) of the Federal Rules of Civil Procedure, which provides that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading . . . or by motion for judgment on the pleadings, or at trial on the merits." The clear thrust of the Rule is that a failure to state a claim may be raised at any time *before* a disposition on the merits but not *after.* Any other construction would not only add to intolerable delay, but create uncertainty as to the validity of a final judgment on the merits.

Finally, at this post-judgment stage of this long-drawn litigation, to hold, assuming defendants are correct, that plaintiff has failed to state a claim for back wages would reward defendants for dilatoriness and penalize plaintiff. Upon argument the City defendants conceded that were this action dismissed and plaintiff now required to commence anew an action in the state court for recovery of her unpaid back wages, the claim would be barred by the statute of limitations.

Accordingly, we hold that defendants have waived their objection that the

---

15. *Id.* 516, 93 S.Ct. at 2228.

16. It is not without interest to note that in *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which upheld a claim for damages based upon a violation of Fourth Amendment rights, jurisdiction was asserted under the very sections relied on by the plaintiff here. The Court upheld jurisdiction under section 1331(a), but noted that neither 28 U.S.C. § 1343(3) nor 28 U.S.C. § 1343(4), combined with 42 U.S.C. § 1983, would support jurisdiction over the damage claim. *See also Greenya v. George Washington Univ.,* 167

U.S.App.D.C. 379, 512 F.2d 556, 562 n.13 (1975).

17. Municipal Defendants' Supplementary Memorandum at 5. We note, however, that the defendants' notice of motion does refer to Rule 12(b)(6), which governs motions for "failure to state a claim upon which relief can be granted."

18. Rule 9(m) requires that a notice of motion for reargument be served within 10 days of the filing of the court's determination of the original motion. The City's "renewal" motion here followed a gap of almost three years.

complaint fails to state a cause of action for damages.[19] The plaintiff's motion for entry of judgment is granted.

MULLIGAN, Circuit Judge (concurring in the result):

I cannot agree with the majority that this court has jurisdiction under section 1331 to award damages for a violation of Fourteenth Amendment rights. Since municipalities are expressly excluded from section 1983 liability,[1] Congress could hardly have intended them to be included in a Fourteenth Amendment action predicated on section 1331, the general federal jurisdiction section. The legislative background of section 1331, which is discussed in *Lynch v. Household Finance Corp.*,[2] is hardly indicative of a congressional intention to create a jurisdictional base for actions against municipalities founded directly on the Constitution.

Unlike the Fourth Amendment, the Fourteenth contains an explicit provision (section 5) giving Congress the power to enact appropriate legislation. The predecessor of section 1983 (and its jurisdictional predicate, section 1343) was section 1 of the Civil Rights Act of 1871, which Congress expressly stated was enacted to enforce the provisions of the Fourteenth Amendment.[3] Thus section 1983 is the product of congressional ac-

tion pursuant to section 5 of the Fourteenth Amendment. But in enacting section 1983, Congress rejected relief against municipalities.[4] Hence *Bivens v. Six Unknown Named Agents*,[5] a Fourth Amendment case, is distinguishable. In *Bivens* there also were "no special factors counselling hesitation in the absence of affirmative action by Congress,"[6] and there was "no explicit congressional declaration that persons injured by a federal officer's violation of the Fourth Amendment may not recover money damages from the agents."[7] In this case there is a special factor counselling hesitation, namely, the fiscal vulnerability of a sorely pressed municipality, and the explicit language of section 1983 limiting liability to "persons," which has been construed not to encompass municipalities.

I would hold instead that we have pendent jurisdiction here. The plaintiff does have a state cause of action to recover back wages following an improper dismissal.[8] The state and federal claims here arise out of a "common nucleus of operative fact" and it certainly is in the interest of judicial economy to dispose of the claims together.[9] The defendants argue that the claim has been raised too late by the plaintiffs, but they themselves did not raise the jurisdictional issue until this stage of the litigation.[10] As the majority opinion

19. *See C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F.Supp. 501, 511 (E.D.Pa. 1973). *Cf. Smeed v. Carpenter*, 274 F.2d 414, 418 (9th Cir. 1960); *Munson Line v. Green*, 6 F.R.D. 470, 475 (S.D.N.Y.1947). By so holding we intimate no view as to how the damage issue would have been decided had it been timely raised. In that event, we would have expressly faced the question whether plaintiff would have been entitled to damages directly under the Fourteenth Amendment, which was the issue left unresolved in *Brault v. Town of Milton. See* n.13 *supra.* We decide only that it is not jurisdictional in nature, and therefore that the issue presented by our earlier award of damages is subject to waiver.

1. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961).

2. 405 U.S. 538, 546–48, 92 S.Ct. 1113, 31 L. Ed.2d 424 (1972).

3. *District of Columbia v. Carter*, 409 U.S. 418, 423, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

4. *Monroe v. Pape, supra.*

5. 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

6. *Id.* at 396, 91 S.Ct. at 2005.

7. *Id.* at 397, 91 S.Ct. at 2005.

8. New York Civil Service Law § 77.

9. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

10. *See* 28 U.S.C. § 1653 (defective allegations of jurisdiction may be amended in the trial or appellate courts).

notes, the equities are entirely with the plaintiff; since the question of pendent jurisdiction is one within our discretion to entertain,[11] we should take account of the hardship and delay already suffered by the plaintiff here. The argument that pendent jurisdiction is foreclosed by res judicata because the plaintiff's state claims have already been litigated and dismissed in New York is specious, since it is clear that the New York dismissal [12] was for failure to exhaust administrative remedies. That would not bar a subsequent state action on the merits. Since we have already determined that section 72 of the New York Civil Service Act is unconstitutional, the claim for back wages should properly be determined here.

---

11. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. 1130.

