John P. WYNNE et al., Plaintiffs,

v.

Michael CODD, Police Commissioner of the City of New York, et al., Defendants.

No. 76 Civ. 595 (CMM).

United States District Court, S. D. New York.

Aug. 6, 1976.

Spiros Tsimbinos, Kew Gardens, N. Y., for plaintiffs.

W. Bernard Richland, Corp. Counsel, New York City, for defendants; H. Kenneth Wolfe, Asst. Corp. Counsel, New York City, of counsel.

METZNER, District Judge:

Defendants Michael Codd, Police Commissioner of the City of New York, Abraham D. Beame, Mayor of the City of New York, Harrison J. Goldin, Comptroller of the City of New York, and the Board of Trustees of the Police Pension Fund of the City of New York, move to dismiss the complaint pursuant to Rule 12, Fed.R.Civ.P. on grounds that the court lacks subject matter jurisdiction and that the action is barred by the statute of limitations.

Each of the plaintiffs is a retired ex-senior staff officer of the Police Department of the City of New York. In October 1970, the New York Supreme Court ruled that certain lump sum retroactive payments

were to be made to rank and file members of the uniformed services. *See Patrolmen's Benevolent Association v. City of New York*, 27 N.Y.2d 410, 318 N.Y.S.2d 477, 267 N.E.2d 259 (1971) (affirming order as modified). On April 3, 1972, the Mayor, by Personnel Order 13/72, extended the right to such payments to cover plaintiffs. By its terms, senior officers were entitled to retroactive parity payments for the period October 1, 1968 to December 31, 1970, on condition that the officer was employed both at the time period to be recompensed and as of the date of the Personnel Order. Plaintiffs here had retired between December 31, 1970 and April 3, 1972, and thus fail to meet the second condition of the Personnel Order.

This action is brought claiming that the conditions for eligibility to receive retroactive pay in the Personnel Order denied equal protection of the laws under the Civil Rights Act, 42 U.S.C. § 1983. The complaint also is based directly upon the Fourteenth Amendment, jurisdiction being asserted under 28 U.S.C. § 1331.

Defendants argue that they are not amenable to suit for damages under Section 1983, and that there is no individual right of action under the Fourteenth Amendment.

■ As to the first proposition, it is certainly true that plaintiffs may not obtain monetary relief either from the municipal agency here in question, or from the individuals sued in their official capacities. *Monell v. Department of Social Services*, 532 F.2d 259 (2d Cir. 1976). However, the complaint also seeks declaratory relief, and defendants are "persons" for such purpose. *Wright v. Chief of Transit Police*, 527 F.2d 1262 (2d Cir. 1976); *Erdmann v. Stevens*, 458 F.2d 1205 (2d Cir.), *cert. denied*, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972). Accordingly, the request for declaratory relief must stand under Section 1983.

■ The more difficult question is whether the complaint states a claim for damages directly under the Fourteenth Amendment. As the majority aptly points out in *Snead v. Department of Social Serv-*

*ices*, 409 F.Supp. 995 (S.D.N.Y.1975) (three-judge court), the question here is not really whether the court has subject matter jurisdiction, as under 28 U.S.C. § 1331 all that is required is a question arising under the Constitution or laws, and the requisite jurisdictional amount. It is a question of whether the complaint states a claim. *See Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

The question of direct action under the Fourteenth Amendment is undecided in this Circuit. The majority of the panel in *Brault v. Town of Milton*, 527 F.2d 730 (2d Cir. 1975) held that plaintiffs had stated a claim under the due process clause of the Fourteenth Amendment, relying primarily on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which case approved a direct claim under the Fourth Amendment. Judge Timbers, dissenting, argued that since there had been affirmative action by Congress in enacting Section 1983, and since Congress intended to exempt municipalities from liability in damages (*Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)), to imply an independent remedy directly under the Fourteenth Amendment would be to ignore the intent of Congress.

The Second Circuit Court of Appeals granted rehearing en banc, and reversed the panel below, expressly not reaching the issue of the right of action under the Fourteenth Amendment.

It should be noted that the Second Circuit, in a brief *per curiam* opinion, had once held that the Fourteenth Amendment does not provide a separate remedy. *Fisher v. City of New York*, 312 F.2d 890 (2d Cir. 1963). This apparently is no longer binding authority since it is notably omitted from the various opinions in *Brault v. Town of Milton, supra*.

Second, while the majority in *Snead v. Department of Social Services* expressly also did not reach this issue, the fair implication to be drawn is that, confronted with having to face the problem, they would have held the right of action to exist. From the concurring opinion of Judge Mul-

ligan in *Snead*, it is apparent that he believed the court was so implying, and he refused to accept that basis for the claim. As the *Snead* court pointed out, there is support for this position in *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), where the Court remanded to the district court for consideration of the availability of federal question jurisdiction under Section 1331. Mr. Justice Brennan, joined by Mr. Justice Marshall, concurred as follows:

> "If appellees can prove their allegation that at least $10,000 is in controversy, then ¶ 1331 jurisdiction is available." *Id.* at 516, 93 S.Ct. at 2228.

This court holds that the Fourteenth Amendment will support a claim for damages against a municipality or officer thereof. The broad language of *Bivens v. Six Unknown Named Agents, supra,* supports this contention. Accordingly, the motion to dismiss the claims arising directly under the Fourteenth Amendment is denied.

Finally, defendants argue that this action is barred by the statute of limitations. As was explained in this court's opinion in *Hartnett v. O'Hagan*, 76 Civ. 596 (S.D.N.Y. July 19, 1976), the applicable statute of limitations period is three years. *Kaiser v. Cahn*, 510 F.2d 282 (2d Cir. 1974). It is equally clear that while the period of limitations is to be determined, in absence of statutory provision, by the closest applicable state statute, the time from which the statute runs is to be determined by federal law. *Id.* at 285.

The parties have not provided the court with any authority as to when the cause of action in such a case should accrue. Defendants of course assert that the date of the Personnel Order, April 3, 1972, should control, which would make the action time barred. However, there is some indication that such a starting point would be inequitable in this sort of case. Here, dealing with the sensitive issue of a constitutional right, plaintiffs were in no position to know of the Mayor's action from its effective date unless informed of it. It is therefore clear that the appropriate date of accrual requires factual development not before the court.

Accordingly, this portion of the motion is referred to Magistrate Bernikow to hear and report as to when the plaintiffs knew, or should have known, of the existence of the Personnel Order.

So ordered.