■ In the Matter of JAMES BATEMAN, Petitioner, v CITY OF OGDENS-BURG et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in St. Lawrence County) to review a determination of the City Manager of the City of Ogdensburg which found petitioner guilty of charges of intentionally and willfully disobeying directives of his superior and penalized him by imposition of a five-day working suspension without pay. On May 2, 1975 the City Comptroller of the City of Ogdensburg gave petitioner written notice of a disciplinary action. Four charges of misconduct and insubordination were made (see Civil Service Law, § 75, subd 2). After hearing, the city manager dismissed charges Nos. 1 and 4, but sustained Nos. 2 and 3 and imposed a five-day working suspension without pay. Petitioner challenges the content of the charges on the ground that they were defective in form and, next, that the determination was not supported by substantial evidence. The statutory right to a fair hearing requires, among other things, that the party whose rights are being determined must be fully apprised of the claims or charges by the opposing party. Due process requires that a person be fully informed of the nature of the charges against him. No person may lose substantial rights because of wrongdoing proved but not charged (*Matter of Murray v Murphy*, 24 NY2d 150, 157). The purpose of the charges, of course, is to permit a person to adequately prepare and present a defense (cf. *Matter of Shapiro v Board of Regents of Univ. of State of N. Y.*, 16 NY2d 783, 784; *Matter of Weiner v Board of Regents of Univ. of State of N. Y.*, 3 AD2d 113). It is essential that the person charged know the nature of the allegations against him. Herein, petitioner, one of five employees in the comptroller's office in the City of Ogdensburg, was accused in charge No. 2 of intentional and willful disobedience of directives to co-operate with his fellow employees and, by charge No. 3, of intentional and willful disobedience of directives made during 1974 to complete bank reconciliation statements, a duty he failed to perform until ordered to do so in writing. While charge No. 2 is somewhat lacking in specifics as to the identity of the directives and the times they were disobeyed, we cannot say that the charge did not convey to petitioner the sense that he was being accused of unco-operative conduct causing office disharmony. Charge No. 3 is clear and unambiguous in its meaning that petitioner refused to perform a specific function after repeated requests. Therefore, since charges Nos. 2 and 3 should have informed petitioner of the nature of the proof he could expect

at the hearing, they cannot be considered so infirm that dismissal is required (*Matter of Shapiro v Board of Regents of Univ. of State of N. Y., supra; Matter of Weiner v Board of Regents of Univ. of State of N. Y., supra.* A review of the hearing record reveals that petitioner was hired as Deputy Comptroller of the City of Ogdensburg in May, 1974. During the ensuing year the record gives evidence of numerous instances of conflict between petitioner, his immediate superior and the other three office employees. Those conflicts arose when petitioner took 30-minute coffee breaks while denying any breaks to the three female employees under his supervision; in his refusal to help with the preparation of the 1975 tax roll and in not assisting at the tax collection window despite orders to do so and the posting of times and window assignments. In connection with the bank reconciliations (charge No. 3), the evidence is clear that petitioner reconciled the May, 1974 statements soon after he assumed office but did not again perform that important function for nearly eight months and then only after receiving a written order. Given these facts we cannot say that the charges were unsupported by substantial evidence nor that the city manager's findings and determination were lacking a rational basis (*Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Procaccino v Stewart,* 32 AD2d 486, affd 25 NY2d 301). The penalty imposed was wholly reasonable and will not be disturbed. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.