**Sam HILF, Plaintiff,**

v.

**NEW YORK CITY HOUSING AUTHORITY, Defendant.**

**No. 82 Civ. 6499 (RWS).**

United States District Court, S.D. New York.

Oct. 13, 1982.

---

Rabinowitz, Boudin, Standard, Krinsky & Lieberman, Laura S. Fieber, New York City, for plaintiff; Jules Lobel, New York City, of counsel.

Aaron Kohn, Acting Gen. Counsel, New York City, for defendant; A. Joaquin Yordan, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Sam Hilf ("Hilf"), an employee of defendant New York City Housing Authority (the "Authority") brought this action pursuant to 42 U.S.C. § 1983 seeking monetary and injunctive relief from the Authority's indefinite suspension of Hilf without salary. Hilf moved for a preliminary injunction pursuant to Rule 65 of the Fed.R.Civ.P. enjoining the Authority from continuing his suspension without pay and for other appropriate relief. At the hearing on the preliminary injunction on October 6, 1982, Hilf proposed that pursuant to Rule 65(a), Fed.R.Civ.P. there being no questions of fact, the hearing would be on the merits. The Authority interposed no serious objection.

Hilf was hired as an Assistant Architect by the Authority on August 7, 1978. On August 4, 1982 Hilf received a letter from Reginald Bender, Deputy Director of Design, informing him that as of that date, Hilf would be suspended without pay on grounds of "disruptive behavior" and that "formal disciplinary charges" would be served on Hilf "in due course." On September 7, 1982 Hilf received a letter from Hugh Kelleher, Director of Personnel at the Authority, directing him to report on September 22, 1982 for a psychiatric examination to the offices of Dr. Jerome Driesen, one of the psychiatrists designated by the New York City Department of Personnel to conduct such evaluations pursuant to section 72 of the N.Y.Civ.Serv.Law (McKinney 1973).[1] Hilf appeared at Dr. Driesen's office for the appointment but because Dr. Driesen had not received certain papers

---

1. Section 72 provides as follows:

§ 72. LEAVE FOR ORDINARY DISABILITY

1. When in the judgment of an appointing authority an employee is unable to perform the duties of his position by reason of a

from the Authority, he did not conduct the examination. According to the Authority Hilf appeared twenty minutes late for the rescheduled appointment on September 29, 1982 and the examination was again postponed until October 6, 1982.

disability, other than a disability resulting from occupational injury or disease as defined in the workmen's compensation law, the appointing authority may require such employee to undergo a medical examination to be conducted by a medical officer selected by the civil service department or municipal commission having jurisdiction. If upon such medical examination, such medical officer shall certify that such employee is not mentally fit to perform the duties of his position, the appointing authority may place such employee on leave of absence. An employee placed on leave of absence pursuant to this section shall be given a written statement of the reasons therefor. An employee on such leave of absence shall be entitled to draw all accumulated, unused sick leave, vacation, overtime and other time allowances standing to his credit.

2. An employee placed on leave pursuant to subdivision one of this section may, within one year after the date of commencement of such leave of absence, or thereafter at any time until his employment status is terminated, make application to the civil service department or municipal commission having jurisdiction over the position from which such employee is on leave, for a medical examination by a medical officer selected for that purpose by such department or commission. If, upon such medical examination, such medical officer shall certify that such employee is mentally fit to perform the duties of his position, he shall be reinstated to his position.

3. An employee who is certified as not mentally fit to perform the duties of his position and who is placed on leave of absence pursuant to subdivision one of this section, or who is denied reinstatement after examination pursuant to subdivision two of this section, may appeal from such determination to the state or municipal civil service commission having jurisdiction over his position. Such commission may conduct such inquiry as it deems necessary or desirable, and shall provide for a medical examination of such employee, which shall be conducted by a medical officer designated by the commission who shall not be the same medical officer who examined the appellant under subdivision one or two in connection with the determination under appeal. If the commission finds that the determination appealed from is arbitrary or unreasonable, it shall direct the reinstatement of such employee.

On September 8, 1982 Hilf, assuming that he was being removed pursuant to Section 75 of the N.Y.Civ.Serv.Law. (McKinney 1973 & Supp.1981),[2] wrote a letter to the Authority demanding that he be restored to the payroll. His counsel followed with an-

4. If an employee placed on leave pursuant to this section is not reinstated within one year after the date of commencement of such leave, his employment status may be terminated in accordance with the provisions of section seventy-three of this article.

2. Section 75 provides as follows:

§ 75. REMOVAL AND OTHER DISCIPLINARY ACTION

1. Removal and other disciplinary action. A person described in paragraph (a), or paragraph (b), or paragraph (c), or paragraph (d) of this subdivision shall be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section.

(a) A person holding a position by permanent appointment in the competitive class of the certified civil service, or

(b) a person holding a position by permanent appointment or employment in the classified service of the state or in the several cities, counties, towns, or villages thereof, or in any other political or civil division of the state or of a municipality, or in the public school service, or in any public or special district, or in the service of any authority, commission or board, or in any other branch of public service, who is an honorable discharged member of the armed forces of the United States having served therein as such member in time of war as defined in section eighty-five of this chapter, or who is an exempt volunteer fireman as defined in the general municipal law, except when a person described in this paragraph holds the position of private secretary, cashier or deputy of any official or department or

(c) an employee in the state service holding a position in the non-competitive class other than a position designated in the rules of the state civil service commission as confidential or requiring the performance of functions influencing policy, who since his last entry into state service has completed at least five years of continuous service in the non-competitive class in a position or positions not so designated in the rules as confidential or requiring the performance of functions influencing policy, or

(d) an employee in the service of the City of New York holding a position as Homemaker or Home Aide in the non-competitive class, who since his last entry into city service has completed at least three years of

other demand on September 10, 1982. The Legal Department of the Authority responded on September 16, 1982 in a letter stating that it would not restore him to active duty or payroll, and that upon receiving the psychiatric report, the Authority would "be in a better position to determine whether to proceed under section 72 or section 75 of the Civil Service Law, or both."

The Authority submits that over a period of several months Hilf persisted in a course of conduct characterized as "disruptive" and "nonproductive." At the direction of the Department of Personnel Hilf reported for psychiatric examinations on two occasions. On August 4, 1982 Hilf allegedly engaged in an altercation at work which culminated in his physical assault of a colleague.

The Authority's affidavit and the statements made in open court establish that at the time of the suspension, the Authority was contemplating disciplinary proceedings for incompetency or misconduct against Hilf pursuant to section 75. However, the Authority has not provided Hilf with a formal written statement of charges, see *Coogan v. Dunning,* 78 A.D.2d 580, 432 N.Y. S.2d 565 (4th Dep't 1980); *Bateman v. City of Ogdensburg,* 55 A.D.2d 781, 389 N.Y.S.2d 486 (3d Dep't 1976); *Crosson v. Golar,* 45 A.D.2d 474, 359 N.Y.S.2d 301 (1st Dep't 1974); *O'Connor v. New York City Transit Authority,* 144 N.Y.S.2d 409 (Sup.Ct.1955), nor has it scheduled a disciplinary hearing in the foreseeable future, see *Keyer v. Civil Service Comm. of City of New York,* 397 F.Supp. 1362 (E.D.N.Y.1975); *Marsh v. Hanley,* 50 A.D.2d 687, 375 N.Y.S.2d 409 (3d

continuous service in such position in the non-competitive class.

2. Procedure. A person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing. The hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose. In case a deputy or other person is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision. The person or persons holding such hearing shall, upon the request of the person against whom charges are preferred, permit him to be represented by counsel, or by a representative of a recognized or certified employee organization, and shall allow him to summon witnesses in his behalf. The burden of proving incompetency or misconduct shall be upon the person alleging the same. Compliance with technical rules of evidence shall not be required.

3. Suspension pending determination of charges; penalties. Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days. If such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service; provided, however, that the time during which an officer or employee is suspended without pay may be considered as part of the penalty. If he is acquitted, he shall be restored to his position with full pay for the period of suspension less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period. If such officer or employee is found guilty, a copy of the charges, his written answer thereto, a transcript of the hearing, and the determination shall be filed in the office of the department or agency in which he has been employed, and a copy thereof shall be filed with the civil service commission having jurisdiction over such position. A copy of the transcript of the hearing shall, upon request of the officer or employee affected, be furnished to him without charge.

4. Notwithstanding any other provision of law, no removal or disciplinary proceeding shall be commenced more than three years after the occurrence of the alleged incompetency or misconduct complained of and described in the charges provided, however, that such limitation shall not apply where the incompetency or misconduct complained of and described in the charge would, if proved in a court of appropriate jurisdiction, constitute a crime.

Dep't 1975). Most critically from Hilf's perspective, the Authority did not restore him to the payroll on the thirty-first day of his suspension as required by section 75.[3]

■ In fact, according to its submissions, it was not until sometime after the suspension that the Authority elected to proceed under section 72 at least in part because such a proceeding offered Hilf the possibility of reinstatement in the future.[4] The section provides:

§ 72. LEAVE FOR ORDINARY DISABILITY

1. When in the judgment of an appointing authority an employee is unable to perform the duties of his position by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the workmen's compensation law, the appointing authority may require such employee to undergo a medical examination to be conducted by a medical officer selected by the civil service department or municipal commission having jurisdiction. If, upon such medical examination, such medical officer shall certify that such employee is not mentally fit to perform the duties of his position, the appointing authority may place such employee on leave of absence. An employee placed on leave of absence pursuant to this section shall be given a written statement of the reasons therefor. An employee on such leave of absence shall be entitled to draw all accumulated, unused sick leave, vacation, overtime and other time allowances standing to his credit.

On its face, the statute permits the Authority to place an employee on medical leave *after* the prescribed medical examination and only then if the employee has been certified as mentally unfit to perform his duties. Even if Hilf was in fact examined on October 6, 1982, the examination came more than two months after Hilf was removed. Thus the Authority failed to comply with section 72.

Moreover, in *Laurido v. Simon,* 489 F.Supp. 1169 (S.D.N.Y.1980), and *Snead v. Department of Social Services,* 409 F.Supp. 995 (S.D.N.Y.1975), section 72 has been held to be unconstitutional as it fails to provide "rudimentary due process" in not requiring a full adversarial hearing before placing employees on involuntary leave of absence for mental unfitness. In *Snead,* the court invited the State to enact procedures that would cure the statute's constitutional infirmities. Seven years later, the State having declined the invitation, the *Laurido* court set forth a procedure which would comport with minimal due process.[5] It is conceded that the Authority has not followed this procedure.

The Authority asserts that this case falls within an exception carved out by the *Laurido* court in a footnote, 489 F.Supp. at 1177 and n. 11. There the court noted that under exceptional circumstances an employee

---

3. *See* N.Y.Civ.Serv.Law § 75(3).

4. *See* N.Y.Civ.Serv.Law § 72(2).

5. The *Laurido* court set forth the following procedure to be complied with prior to imposition of involuntary leave:

    1. Written notice of the facts relied upon by the appointing authority to suggest that the employee is not mentally fit to perform the duties of his or her position, in advance of the employee's examination by an Employee Health Services Unit physician.

    2. Written notice of the Employee Health Services Unit physician's findings.

    3. Written notice of the appointing authority's determination respecting involuntary leave, and the reasons and facts in support thereof.

    4. Written notice of the employee's right to appeal the appointing authority's determination, and the procedures for perfecting such appeal.

    5. Pre-hearing release to the employee or his or her authorized representative of the employee's medical records and related data, upon written request of the employee, or the employee's personal physician or attorney, where authorized.

    6. Upon timely request, an adversarial-type hearing, before an impartial decisionmaker, at which hearing the employee may be represented by counsel and may present evidence on his or her own behalf.

    7. Written notice of the hearing decision, together with a statement of the reasons and facts relied upon in support thereof.
489 F.Supp. at 1178.

could be placed on medical leave pending a full hearing.[6] However, according to *Laurido,* in such a case, the due process safeguards set forth in that opinion must be provided within a reasonable time after the employee is placed on involuntary medical leave.

■ More than two months has elapsed since Hilf's removal. He has not received notice of the facts upon which the Authority's actions were based nor has a psychiatrist's report been forthcoming. The Authority's decision to proceed under section 72 came after the suspension and far too much time has expired since suspension to permit the Authority to claim the exceptional circumstances described in the *Laurido* footnote.

■ Thus, the Authority unlawfully suspended Hilf without pay, action which constitutes a denial of due process actionable under 42 U.S.C. § 1983. *See Lewis v. New York City Transit Authority,* No. 79–C–139 (E.D.N.Y.1979); *Keyer v. Civil Service Commission of the City of New York,* 397 F.Supp. 1362 (E.D.N.Y.1975); *Vega v. Civil Service Commission, City of New York,* 385 F.Supp. 1376 (S.D.N.Y.1974). As such, Hilf is awarded back pay from August 4, 1982 to the present and shall be restored to the payroll. Punitive damages are inappropriate here, given the confused state of the law on section 72 and indications in the record that the Authority acted in good faith. However, Hilf is awarded costs and attorneys' fees. Judgment will be entered in accordance with this opinion.

IT IS SO ORDERED.

---

**6.** The *Laurido* court stated:

Such exceptional circumstances would obtain when in the opinion of the appointing authority an immediate suspension became essential for the safety of the employee, the employee's co-workers or the public, or for the proper conduct of public business. In such circumstances, while an immediate prehearing leave of absence may be directed, the procedures specified herein must be provided within a reasonable time thereafter.
489 F.Supp. at 1177, n. 11.