*379 OPINION OF THE COURT
Michael F. Mullen, J.
This is a motion by the county, brought on by order to show cause granted by the Honorable Marilyn R Friedenberg on March 18, 1991, for an order quashing three subpoenas served in a matter presently pending before a Hearing Officer under section 72 (3) of the Civil Service Law. The plaintiff has cross-moved for an order enforcing the subpoenas.
The subpoenas, all dated February 22, 1991, and entitled "Judicial Subpoena Duces Tecum”, are signed by the plaintiff’s attorney, George Nager, Esq. The first directs a named sergeant in the Sheriff’s Department to produce any and all of the plaintiff’s work records, including evaluation and complaints, if any, generated during the course of plaintiff’s employment as a correction officer. The others direct two doctors, David Marasciullo and Thomas Lambert, to produce any and all records with regard to plaintiff’s psychological evaluation. In addition, the county seeks to bar introduction at the hearing of certain tape recordings allegedly made by the plaintiff during interviews with the doctors.
Briefly, some background: In November 1989, the plaintiff Richardson was suspended from his position as a correction officer after evaluation by Dr. Marasciullo (a psychologist) and Dr. Lambert (a psychiatrist). Apparently, they certified he was suffering from an intermittent explosive personality disorder, paranoia, and an antisocial personality disorder. Thereafter, a hearing was held at his request pursuant to section 72 (1) of the Civil Service Law before a Hearing Officer named William Dunn. The county called the two doctors, who were cross-examined by Richardson’s attorney, and Richardson called two other doctors, who testified on his behalf. The Hearing Officer determined that the county had acted properly in suspending Richardson.
The latter then proceeded pursuant to section 72 (3) of the Civil Rights Law, i.e., he appealed the Hearing Officer’s determination, and in July 1990, a second Hearing Officer, named Stanley Abrams, was designated. This is where the matter now stands. The plaintiff is now represented by a new attorney, and he has sought to compel the appearance of Doctors Marasciullo and Lambert (again), the production of the employment records from the Sheriff’s Department, and to introduce the tape recordings, which were in existence at the time of the 1989 hearing, but were not offered.
In support of its position, the county argues, first that the *380 employment records were not part of the first hearing, and therefore, should not be a part of any review of any determination which did not consider them; second, that it is "abusive” to require medical experts to return to testify about matters concerning which they gave testimony two years ago; and third, not only were the tapes made without the knowledge of the doctors, but the first hearing is a matter of record and that record contains no mention of the existence of any tape recordings. No attempt was made to offer them at the first hearing, and they should not be allowed in now.
In support of the cross motion, the plaintiff argues that the language of section 72 (3) specifically states that the determination shall be "on the basis of the medical records and such facts and arguments as are presented”. He also argues that the subpoena on the Sheriff’s Department is not for discovery but rather for the production of evidence at the hearing. Lastly, he contends that the refusal of the doctors to honor the subpoena is "contemptuous”, and designed to interfere with a legal proceeding.
The crux of the problem here is the language of section 72 (3). The statute is inartfully drawn. To illustrate: section 72 (3) provides that an employee who is placed on leave of absence pursuant to subdivision (1) (i.e., after a full hearing) may appeal from such a determination to the State or municipal Civil Service Commission having jurisdiction over his or her position. Generally, an appeal contemplates a review of a record generated at a hearing or trial. In other words, new evidence or matters dehors the record, are not to be considered. But section 72 (3) also provides that the employee who appeals and the appointing officer, or their representatives, "shall be afforded an opportunity to present facts and arguments in support of their positions including medical evidence at a time and place and in such manner as may be prescribed by the commission.” It further states that the Commission shall make its determination on the basis of the medical records and such facts and arguments as are presented to it.
The reference to "arguments” is consonant with appeals, but the reference to "facts” suggests a trial or hearing. In short, the language is ambiguous. The ambiguity is compounded because the parties at bar indicate that they are now before a second Hearing Officer (Abrams). A strict reading of the statute suggests this is not appropriate. The statute states that appeals from a section 72 (1) hearing (which is what we have here) are taken to the State or municipal Civil Service *381 Commission having jurisdiction. The Commission seems to be authorized to designate an independent Hearing Officer only "in considering appeals pursuant to subdivision two of this section where a hearing has not been held within nine months from the date of notification pursuant to subdivision one” (§72 [3]; emphasis added).
One way to try to make sense of the ambiguity is to look at the history of the statute. Here, we see that section 72 was thoroughly overhauled by the Legislature in 1983, mainly in response to judicial prodding. In Snead v Department of Social Servs. (355 F Supp 764 [SD NY]), a three-Judge court, which was convened in order to specifically consider section 72 (see, Snead v Department of Social Servs., 351 F Supp 1360 [SD NY]), examined the statute carefully in 1973 and declared it unconstitutional. The penultimate paragrah of that opinion reads as follows (Snead v Department of Social Serv., supra, 355 F Supp, at 773): "Although we hold that defendants must conduct an adversarial hearing before placing civil service employees in permanent status on involuntary leave of absence for mental unfitness in the absence of exceptional circumstances requiring immediate action, we do not prescribe the precise form such hearings must take. It is up to the state to determine which of the many potential formats it deems most appropriate. All that the Constitution requires is that before involuntary leaves of absence are effectuated, which may continue for one year without pay, tenured civil service employees charged with a mental disability be granted a hearing containing the 'rudimentary due process’ necessary to the accurate determination of the validity of the allegation. This section 72 fails to do.” The Snead case plodded through the courts for several years. It was remanded by the United States Supreme Court (416 US 977; see, Arnett v Kennedy, 416 US 134), reaffirmed by the three-Judge court (389 F Supp 935), remanded again (sub nom. Civil Serv. Commn. v Snead, 421 US 982), the District Court again ruled in plaintiff’s favor (409 F Supp 994) and finally, on its third trip to the Supreme Court, it was dismissed for lack of standing (sub nom. New York Civ. Serv. Commn. v Snead, 425 US 457).
In 1980, the District Court decided Laurido v Simon (489 F Supp 1169 [SD NY]), and at page 1176, commented as follows: "The State has all but conceded that § 72 as written, and as applied to Laurido, does not afford procedural due process." (Emphasis added.)
The Legislature finally responded in 1983, by enacting *382 Senate Bill No. 5924, entitled “An Act to amend the civil service law, in relation to determining whether an employee is unable to perform the duties of his or her position because of disability” (L 1983, ch 561). The amendment completely overhauled section 72, especially the subdivisions involved in the instant case, i.e., sections 72 (1) and 72 (3). The main thrust of the amendment was to cure the due process infirmities pointed up by the Federal courts. Thus, subdivision (1) now includes the right to (1) written notice of the factual basis upon which the decision of physical or mental unfitness was made; (2) a hearing; (3) be represented by counsel; (4) present witnesses and evidence; and (5) be provided a free copy of the hearing transcript. In addition, the burden of proving mental or physical unfitness is on the person alleging it, and compliance with technical rules of evidence is not required.
As noted, subdivision (3) was also changed, but its fundamental thrust was maintained: to provide an appeal procedure for employees adversely affected pursuant to subdivision (1). In reviewing the Bill Jacket which accompanies Senate Bill No. 5924, in order to get some insight into the “Legislative Intent” which prompted it, the court came upon several memoranda written to the counsel to the Governor, the Honorable Alice Daniel, when the bill was awaiting the Governor’s signature. One, in particular, seems prophetic. It was written by Joseph M. Bress, General Counsel to the Governor’s Office of Employee Relations, and is dated July 12, 1983. It urges approval of the bill, but notes the following: "Some technical adjustments to the language amending subdivision 3 of Section 72 may be advisable to dispel any misconception that an appeal of a determination of unfitness would result in a de nova hearing on the underlying issues before the civil service commission. Such an appeal is primarily designed to review the record developed by prior proceedings. The enormous benefits to be gained from this bill by reviving the use of Section 72 in appropriate cases, however, override these purely technical concerns.” Unfortunately, the “technical” adjustments were not made, and the “misconceptions” have become a reality.
It appears that the issues raised at bar have not been addressed before — at least this court has not been directed to any controlling case law by counsel or has it found any on its own. It is faced with a tabula rasa, as it were. It has gone over the language of the statute carefully. It has examined the cases which prompted the 1983 amendments. It has examined *383 the legislative history, and tried to discern the legislative intent. Finally, it has sought to mix common sense with the ordinary rules of statutory construction. Based upon all the above, the court concludes that the appeal authorized by subdivision (3) is not a de nova proceeding. The individual or tribunal presiding should focus on the record generated at the due process hearing. There is nothing in any of the sources considered by the court which suggests that an employee is entitled to two due process hearings. One should suffice. If there is a claim the employee’s medical condition has changed subsequent to the determination rendered under subdivision (1), presumably that can be documented by "medical evidence”. Such evidence is permitted under subdivision (3) "at a time and place and in such manner as may be prescribed by the commission”, but that does not require a de nova hearing. In addition, of course, subdivision (3) provides that the final determination of the Commission is subject to judicial review by means of a CPLR article 78 proceeding.
When the appeal described in subdivision (3) is considered in terms of a review, rather than a de nova proceeding, the issues at bar are a little easier to resolve. There is some hesitancy on the court’s part about interfering with a colleague who is conducting a hearing, but, under the circumstances, it may be appropriate.
The motion to quash the three subpoenas is granted. True, an attorney has a presumptive right to issue a subpoena (CPLR 2302; see generally, Matter of Cunningham v Nadjari, 39 NY2d 314). But, a subpoena can and should be quashed as a matter of law if it calls for documents which are " 'utterly irrelevant to any proper inquiry’ ” (see, Del Vecchio v White Plains Unit, Westchester County Ch., Civ. Serv. Employees Assn., 64 AD2d 975, 976). The documents sought here are irrelevant to a section 72 (3) appeal. The "record” has already been made at a hearing where plaintiff was represented by counsel, and where he not only cross-examined the county’s doctors but called doctors on his own behalf. A transcript of that hearing is available to the plaintiff. Since the parties are now at the appellate level, there should be no new witnesses. Plaintiff’s argument that he is not seeking discovery, only evidence, is without merit.
Besides the motion to quash, the request to bar introduction of the tapes is also granted. The cross motion is denied.