■    In the Matter of MATTHEW BONORA et al., Petitioners, v MARIO M. CUOMO, as Secretary of State, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent finding petitioner guilty of incompetence in his profession as a licensed private investigator. Subsequent to the filing of charges and a hearing, petitioner was found to have demonstrated incompetency in his actions as a licensed private investigator (General Business Law, § 79, subd

1, par [d]). As a penalty, his license was suspended for three months or, in lieu thereof, a fine of $250 was imposed. In this proceeding to review respondent's determination, petitioner first challenges the adequacy of the notice of charges as being violative of his constitutional right to be fully informed of the accusations against him. An examination of those charges, however, reveals that they plainly stated those allegations upon which a determination of incompetency might be based; namely, that petitioner failed to deliver a document evidencing a debt to his client after receiving a fee for services performed in obtaining that instrument. The notice clearly advised petitioner of the transactions and proof he could expect at the hearing so that he could adequately prepare a defense *(Matter of Murray v Murphy,* 24 NY2d 150; *Matter of Bateman v City of Ogdensburg,* 55 AD2d 781). Secondly, he contends the finding of incompetency is not supported by substantial evidence. This argument is equally without merit for there is an abundance of evidence to establish petitioner's failure to perform his duties as required, all to the prejudice of his client *(Matter of Sanford v Rockefeller,* 35 NY2d 547). Finally, considering the nature of the incompetency, the penalty imposed was entirely proper *(Kostika v Cuomo,* 41 NY2d 673). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.