A. Franklin Mahoney, J.
The City of Albany, as movant, seeks an order, pursuant to the terms of CPLR 2304, quashing, modifying or conditioning subpoenas served upon the President of the Common Council of the City of Albany and five aldermen requiring each of them to appear before a hearing officer of the Public Employment Relations Board (PERB) and give testimony on behalf of the Albany Professional Permanent Firefighters Association (APPFA) respecting a charge filed by APPFA with PERB alleging that the City of Albany violated section 209-a (subd. 1, par. [d]) of the Civil Service Law by refusing to negotiate in good faith with the Albany firefighters union.
The Corporation Counsel of the City of Albany appeared for the subpoenaed aldermen and, after conceding that the public official status of the aldermen did not confer immunity from service of process, argued that the subject individuals were being harassed, annoyed and embarrassed because, as legislators, they are entitled to the constitutional protection of section 11 of article III of the New York State Constitution which reads: *824 ‘ ‘ For any speech or debate in either house of the legislature, the members shall not be questioned in any other place.” Further, the Corporation Counsel pointed to the provisions of the Taylor Law, specifically section 209 (subd. 3, par. [e]) of the Civil Service Law, as statutory proof that members of the legislative body of the City of Albany not only did not but, indeed, could not have participated in the unfruitful negotiations between the city and APPFA. Not having engaged as participants in negotiations they are without information or knowledge to contribute as subpoenaed witnesses to an administrative board investigating a charge of failing to negotiate in good faith.
Substantively, each of these arguments may be correct. It may well develop that each alderman, under oath, may refuse to respond to questions concerning his conduct while acting as a legislator and/or each may be wanting in any knowledge concerning the details of the negotiations between the city and APPFA. However, in my view, neither argument can prevail against the procedural right of an attorney to issue subpoenas in favor of a party to a proceeding before an administrative agency (CPLR 2302). A subpoena ad testificandum, as distinguished from a subpoena duces tecum, can be issued as a “matter of right” (Matter of Hirshfield v. Craig 239 N. Y. 98 ; see, also, 1957 Report of Temporary Comm. on Courts, First Preliminary Report, p. 367). The Court of Appeals in Matter of Hirshfield v. Craig, supra stated ait page 118 that “Where the statute has given an officer power to require the attendance of witnesses * * * no legal wrong is suffered by the person subpoenaed unless he is wrongfully compelled to answer questions, after refusal, and he may ash the protection of the court only upon such refusal.” (Emphasis supplied.) This is not to say that a proper officer may issue subpoenas in any matter without regard to the relevancy of the testimony sought to be adduced. Recognition of the difference between subpoenas ad testificandum and duces tecum does not confer absoluteness or unquestioned right of issuance on the former and judicial supervision of the latter. Each is subject to review when properly challenged. The duces tecum subpoena, however, is more often reviewed because it brings with it documents, papers and records that can be studied in light of the purpose for which they are sought. Oral testimony can only be in response to inquiry and, in most cases, the wrongfulness of testimony sought to be elicited can only be judicially tested when the witness claims a constitutional right or refuses to answer. To attempt to anticipate the line of inquiry is hazardous and flies in the face of the warning against prophecy contained in Matter of Edge *825 Ho Holding Corp. (256 N. Y. 374, 381, 382). Anticipation or prophecy would be extremely dangerous in the instant case because section 209 (subd. 3, par. [e]) of the Civil Service Law provides that if neither the public employer nor employee organization accepts in whole or in part the recommendations of the fact-finding board, the chief executive officer of the government involved shall submit to the legislative body a copy of the findings of fact and recommendations of the board together with his recommendations for settling the dispute. This section assigns to the Common Council of the .City of Albany a role in the statutory machinery for resolution of disputes in the course of collective negotiations. It cannot be said, therefore, that the legislators under subpoena are strangers to the subject matter before PERB. Further, the constitutional immunity of each alderman is personal and cannot be advanced by another. Each has a right to waive a personal constitutional right and the decision of each subpoenaed witness as his own individual constitutional right is beyond the knowledge of all until he invokes or waives that right as a witness under oath.
The motion to quash, modify or condition the subpoenas ad testificandum served upon the President of the Albany Common Council and five aldermen is denied without prejudice to each of the subpoenaed witnesses to claim at the hearing any right personal to him. The stay contained in the show cause order dated April 1,1971 is lifted.