■ ALFRED DEL VECCHIO, as Mayor of the City of White Plains, et al., Respondents, v WHITE PLAINS UNIT, WESTCHESTER COUNTY CHAPTER, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 860, Appellant.—In a proceeding to quash subpoenas served upon the petitioners, the appeal is from an order of the Supreme Court, Westchester County, dated June 19, 1978,

which granted the application to quash and denied the cross motion of the appellant union to enforce the subpoenas. Order reversed, on the law, without costs or disbursements, motion to quash denied and cross motion to enforce granted. The gravamen of the unfair labor charge now pending before the Public Employment Relations Board (PERB) is that during the course of the collective bargaining between the parties' negotiators, the Mayor and council members of the City of White Plains mailed a letter to the city's employees (and released it to the press) stating their version of why a settlement had not been reached. The union served subpoenas ad testificandum upon the signers of this letter for their appearance at the PERB hearing. The Mayor and the council members petitioned to quash these subpoenas and the union cross-moved to enforce them. Special Term granted the petition and denied the cross motion on the ground, *inter alia,* that there were threshold issues as to whether the city's negotiating team had agreed to certain "ground rules", among which was one to the effect that neither side would unilaterally resort to the issuance of a news or press release "during negotiations up to impasse", and (if they had) whether there was already an impasse at the time of the issuance of the letter. Special Term quashed the subpoenas without prejudice to reissuance, "if some new development should result at the hearing after the examination of the city's negotiators [at the PERB hearing] which might make the testimony of [the] Mayor and council members necessary". The subpoenas should not have been quashed on the supposition that the testimony of the city officials might be either irrelevant or for any other reason inadmissible. Clearly, the city officials were subpoenaed because they had composed and signed the very letter whose intent and effect was to be considered by PERB. Their testimony was sought not because they were officials of the city but because they were the doers of the deed alleged to be malevolent (cf. *City of Albany v Albany Professional Permanent Firefighters Assn.,* 66 Misc 2d 822). We therefore do not agree with Special Term's conclusion that there is "credence to the charge that [the union's purpose] was to harass the busy men and women who are the Mayor and council members of the City of White Plains." But even if it could be plausibly argued that this were so, that in itself would "not justify suppression of the subpoenas as a matter of law at this time" (see *Matter of Cunningham v Nadjari,* 39 NY2d 314, 318). An attorney has a presumptive right to issue a subpoena (CPLR 2302) and this applies to attendance in an administrative as well as a judicial proceeding *(Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y.,* 10 NY2d 192). Even as to a subpoena duces tecum there is no requirement that it show in what manner the requested documents are relevant, and, on a motion to quash, the subpoena will be sustained unless it calls for documents which are "utterly irrelevant to any proper inquiry" *(Matter of Dairymen's League Co-op. Assn. v Murtagh,* 274 App Div 591, 595, affd 299 NY 634). In *City of Albany v Albany Professional Permanent Firefighters Assn.* (66 Misc 2d 822, 824, *supra),* the court held: "The duces tecum subpoena * * * is more often reviewed [than a subpoena to testify] because it brings with it documents, papers and records that can be studied in light of the purpose for which they are sought. Oral testimony can only be in response to inquiry and, in most cases, the wrongfulness of testimony sought to be elicited can only be judicially tested when the witness claims a constitutional right or refuses to answer. To attempt to anticipate the line of inquiry is hazardous". As Chief Judge Cardozo stated in *Matter of Edge Ho Holding Corp.* (256 NY 374, 381-382), the purposes of an investigation "will be rendered to a large extent abortive if * * * subpoenas are to be

quashed in advance of any hearing at the instance of unwilling witnesses upon forecasts of the testimony and nicely balanced arguments as to its probable importance. Very often the bearing of information is not susceptible of intelligent estimate until it is placed in its setting, a tile in the mosaic. Investigation will be paralyzed if arguments as to materiality or relevance, however appropriate at the hearing, are to be transferred upon a doubtful showing to the stage of a preliminary contest as to the obligation of the writ. Prophecy in such circumstances will step into the place that description and analysis may occupy more safely. Only where the futility of the process to uncover anything legitimate is inevitable or obvious must there be a halt upon the threshold." Although *Edge Ho* relates to an administrative investigation, its caveat is applicable to an administrative proceeding instituted by laymen against municipal officials. Here, it cannot be said, at this point, that "the futility of the process to uncover anything legitimate" from the questioning of the petitioners "is inevitable or obvious". Therefore, there should not be "a halt upon the threshold." Shapiro, J. P., Cohalan, Hawkins and O'Connor, JJ., concur.