OPINION OF THE COURT
Anthony J. Ferraro, J.
Application by the Town Attorney of the Town of Somers to quash subpoenas issued to Wayne Van Tassell, Supervisor, Town of Somers; John Jordan, Town Board, Town of Somers, and Robert Pease, Town Attorney, to appear before and produce records to the Board of Ethics of the Town of Somers.
Petitioner makes a cross motion to compel the attendance and testimony of the witnesses and the production of the records and for an order disqualifying Robert E. Pease, Esq., from serving as a member of the Board of Ethics in this proceeding.
The purpose of the pending hearing before the Ethics Board is to obtain an advisory opinion as to whether the involvement and interest of I.B.M. and Pepsico in present and future use and development of land in the Town of Somers (Town) would dictate a disqualification of employees of I.B.M. and Pepsico from service upon the Town Board, Planning Board and Zoning Board.
Petitioner General Industries, Inc., is the owner of approximately 80 acres of commercially zoned property in the Town of Somers which the Town proposes to reclassify to petitioner’s detriment. Petitioner contends that it has vested rights in the commercial classification by reason of substantial improvements made in reliance thereon. Petitioner further contends that the rezoning of property from residential to office use for *302 I.B.M. and Pepsico was done without obtaining the required environmental impact review. A question is raised as to whether employees of I.B.M. and Pepsico participated in determinations on a municipal level which directly affected their employers on a business basis.
The Board of Ethics has requested petitioner to present facts and evidentiary material upon the issue of conflict of interest pursuant to which the subpoenas in question were issued.
The cross motion for disqualification is based upon the fact that the Town Attorney’s testimony is required at the hearing and he should not be allowed to remain on the Ethics Board to pass upon his own testimony.
The conflict of interest is obvious and the Town Attorney, realizing this fact, has agreed to disqualify himself as a member of the Board of Ethics. Petitioner has consequently withdrawn this portion of its application.
Wayne Van Tassell, the Town Supervisor and Robert Pease, the Town Attorney, have both indicated their willingness to appear and testify before the Ethics Board. However, John Jordan, who is a member of the Town Board and also an employee of I.B.M., persists in his refusal to appear and testify thereby precipitating the present application and cross motion.
The Town Attorney contends that petitioner has no standing and no subpoena power before the Board of Ethics. In view of the fact that he is a witness it is questionable whether he should continue as attorney in this proceeding.
General Industries, Inc., is the person aggrieved by the actions taken by the governmental bodies of the Town of Somers and as such has been designated as the petitioner in the pending proceeding before the Ethics Board, by the very Board itself. As such petitioner General Industries, Inc., most definitely has standing before the Board of Ethics.
The rule is fundamental that an attorney for a party has the right to issue a subpoena for the appearance of witnesses at the trial of an action or at a hearing before an administrative board. (CPLR 2302, subd [a]; Matter of La Belle Creole Int. v Attorney-General, 10 NY2d 192; Del Vecchio v White Plains Unit, 64 AD2d 975; Matter of Dairymen’s League Coop. Assn. v Murtagh, 274 App Div 591, 595, affd 299 NY 634.)
A person who holds public office such as trustee John Jordan should willingly submit to an examination of his conduct when his ethics are placed in question. For in no other way can he maintain the public trust. His refusal to appear and testify *303 under the circumstances here present where he has been serving in the dual capacity of municipal officer and employee of a business applicant before the municipal body can only tend to aggravate the suspicion of favoritism.
Petitioner as a citizen and taxpayer has every right to question the propriety of the actions of the municipal body.
The Ethics Board was constituted by the very Town Board upon which John Jordan serves to scrutinize the ethical conduct of municipal officers and employees of which he is one.
To quash the subpoenas in advance of the hearing at the behest of the person charged would emasculate the charges and abort the investigation.
If the Ethics Board is to fully perform its function it must at least be afforded the opportunity to hear the evidence and evaluate its relevance in the context of a full and formal hearing without predetermined excision on the basis of a haphazard and speculative conclusion. (Matter of Edge Ho Holding Corp., 256 NY 374, 381-382.)
The application to quash is denied and the cross motion to compel attendance, production of records and testimony is granted.