OPINION OF THE COURT
Stanley Parness, J.
Petitioner, Bernard McCreesh, moves to quash a subpoena ad testificandum dated March 11, 1986 served upon him by respondent, Corcoran, as Superintendent of Insurance of the State of New York. In opposition, respondents allege the subpoena was issued in response to a complaint from one Patrick F. Mitchell who allegedly entered into what is styled as an auto repair contract in September 1985 with American Motor Club Inc. (AMC) which was sold through Bernard J. McCreesh, an insurance broker licensed in this State and doing business as Spirit Suffolk Agency (Spirit). In essence, under these contracts, AMC for a fee provides automobile owners the right to have collision damage repaired or other loss compensated for, less a scheduled deductible.
By separate motion AMC moves for leave to intervene in this proceeding and join in petitioner’s application to quash. Respondents allege that AMC rejected Mitchell’s claim presented to AMC by McCreesh for theft of his motor vehicle in breach of that contract. It is conceded that AMC is not a licensed insurance carrier in New York State.
In its motion to intervene, AMC contends that it is the target of an investigation of which the subject subpoena is but a part. That a separate civil proceeding is presently sub judice before another Justice of this court where the objective sought by respondents is to have such contracts ruled to be "insurance contracts” and violative of the Insurance Law of this State as not made by a licensed carrier. Thus, AMC argues, it would be premature to proceed with the investigation of McCreesh and Cilibrasi, a broker who purchased McCreesh’s agency, Spirit Suffolk Agency Inc., in December 1985. (Cilibrasi has been served with a subpoena involving a complaint by a client and similarly contests compliance in a companion motion.)
AMC contends that until its contract is ruled to be one of insurance, respondents are without jurisdiction to investigate same. The scope of McCreesh’s subpoena, however, has been *826 further defined by the letter of the Attorney-General representing the respondents herein which, after correspondence and discussion with petitioner’s counsel, limits the subject matter of the inquiry of McCreesh: "to his conduct in the case of his insurance client, Patrick Mitchell, and further, with respect to his general conduct of the affairs of Spirit Suffolk Agency Inc., a licensee of this department, for the period beginning the first of July, 1985 and ending with the severance of his connection with said agency.”
Petitioner’s charge of "fishing expedition” has not been substantiated. Mitchell’s complaint is properly addressed to respondents’ regulatory role. So long as the scope of its inquiry is reasonably related to that complaint, factual investigation thereof should not be restricted. (Virag v Hynes, 54 NY2d 437.) The inquiry, limited now to McCreesh’s role in the "Mitchell-AMC” contract and Mitchell’s complaint thereof is reasonable in scope. Indeed, whether AMC repair contracts are insurance or not, respondent may properly inquire into whether there was fraud, misrepresentation or other sharp practice in the manner in which the licensee broker sold or serviced the AMC contracts it procured for its clients. Should such inquiry lead to factual support or misrepresentation, further inquiry may then be pursued during petitioner’s testimony with respect to other contracts it solicited and serviced on behalf of other clients in the period July 1, 1985 and December 13, 1985. (Insurance Law §§ 2110, 2117.)
Petitioner and the petitioning intervenor claim that AMC’s conduct may be the true object of respondents’ investigation of McCreesh. That cannot be concluded in advance. Nor may a proper inquiry be curtailed in advance so long as the inquiry proceeds in regular course on the subject of a legitimate complaint. That respondents may harbor such suspicion of unlawful activity by AMC is collateral to their right to investigate McCreesh’s conduct in the Mitchell matter and, if professionally inappropriate, to pursue such inquiry into any other area of actual or potential misconduct.
The relevancy of specific questions which may be put to such licensee need not be dealt with in advance. Clearly, the petitioner’s office file containing records of his professional dealings with Mitchell appear to relate to the matter at hand and is authorized to be examined by Insurance Law § 305 (a) which invests the respondent, Superintendent of Insurance, with the power of investigation and to compel attendance by subpoena. The investigation should be allowed to proceed and *827 the parameters of specific questions cannot be tested in advance but can be ruled upon in due course. (Del Vecchio v White Plains Unit, Westchester County Ch., Civ. Serv. Employees Assn., 64 AD2d 975 [2d Dept].) The same with questions of relevance and materiality.
As Chief Judge Cardozo observed: "Very often the bearing of information is not susceptible of intelligent estimate until it is placed in a setting, a tile in the mosaic. Investigation will be paralyzed if arguments as to materiality or relevance, however appropriate at the hearing, are to be transferred upon a doubtful showing to the stage of a preliminary contest as to the obligation of the writ. Prophecy in such circumstances will step into the place that description and analysis may occupy more safely. Only where the futility of the process to uncover anything legitimate is inevitable or obvious must there be a halt upon the threshold.” (Matter of Edge Ho Holding Corp., 256 NY 374, 381-382.)
Accordingly, the motion to quash the subpoena served upon petitioner, as qualified by respondents in their "Exhibit F” referred to herein, is denied. The petition to intervene by American Motor Club Inc. is granted and its application therein to quash the said subpoena is denied. The cross motion by respondents to set down a date certain for compliance therewith is granted. The petitioner, McCreesh, is directed to attend in response to said subpoena on November 25, 1986 at 10:00 a.m. at 160 West Broadway, 19th Floor, New York, New York.