Requestor: Anthony J. Grant, Esq., Corporation Counsel City of White Plains Municipal Building 255 Main Street White Plains, New York 10601
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a city may grant to its ethics commission the authority to conduct investigations, subpoena power and enforcement power.
Section 808 of the General Municipal Law authorizes the governing body of a municipality, including a city, to establish a local board of ethics to render advisory opinions to municipal officers and employees concerning ethics standards. The board renders advisory opinions to officers and employees of the municipality concerning their adherence to the provisions of article 18 of the General Municipal Law, governing conflicts of interests, and to the code of ethics adopted by the municipality as required by section 806 of the General Municipal Law. General Municipal Law § 808(2). These advisory opinions are rendered in response to a written request of any officer or employee of the municipality under rules and regulations prescribed by the board of ethics. Ibid. Additionally, the board of ethics may make recommendations as to the drafting and adoption of a code of ethics or amendments to the code, upon the request of the municipality's governing body. Ibid.
In our view, a local government, through enactment of a local law, may grant to its board of ethics the authority to receive complaints alleging violations of ethics regulations, to investigate these complaints, and to conduct investigations on its own initiative as to whether violations of ethics standards have occurred. Further, we believe the board may be given enforcement authority and the local law may provide for the administering of penalties.
The authority to enact such a local law derives from Article IX of the State Constitution, granting home rule powers to local governments. Municipalities, including cities, are authorized to adopt and amend local laws, not inconsistent with the provisions of the Constitution or with any general law, relating to their property, affairs or government and to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of their officers and employees. N Y Const, Art IX, § 2(c); Municipal Home Rule Law § 10(1)(i) and (ii)(a)(1). We believe that this grant of authority includes within its scope the enactment of the local law described above granting investigative and enforcement powers to a local board of ethics.
In our view, such a local law would not be inconsistent with the provisions of State law. In granting these powers to a board of ethics, the local law goes beyond the provisions of section 808 of the General Municipal Law. The local law would grant expanded authority to a local board of ethics to ensure that ethics regulations are complied with by municipal officers and employees. Such a local law would be entirely consistent with the legislative purpose underlying the establishment of codes of ethics and ethics boards. Jancyn Mfg. v County of Suffolk,71 N.Y.2d 91 (1987). See, Mtr. Town of Somers, 126 Misc.2d 301 (Sup Ct, Westchester Co, 1984).
In any event, even assuming that the proposed local law is inconsistent with section 808 of the General Municipal Law, under Article IX of the State Constitution local laws need only be consistent withgeneral State laws. N Y Const, Art IX § 2(c); Municipal Home Rule Law § 10. For home rule purposes, a general law is defined as
 "[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." N Y Const, Art IX, § 3(d)(1).
In a prior opinion of this office, we found that section 808 is not a general law within the home rule definition. 1986 Op Atty Gen (Inf) 100, citing Johnson v Etkin, 279 N.Y. 1 (1938). We found that because section 808 gives cities (and other municipalities) the option to establish a board of ethics, it does not in terms and in effect apply alike to all cities (and to other classes of local governments). Ibid. It applies only to those cities opting to come under it. Ibid. Thus, we found that a local law dealing with the composition of a local board of ethics need not be consistent with the provisions of section 808 of the General Municipal Law.
Further, we believe the board of ethics of a local government, that by local law has been authorized to conduct investigations and to take proof concerning compliance with ethics regulations, may issue subpoenas for the production of witnesses' testimony, documents and other evidence. Under section 2302(a) of the CPLR, subpoenas may be issued by
 "any member of a board, commission or committee authorized by law to hear, try or determine a matter or to do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required."
We have previously concluded that a local law granting to a local commission or board the authority to take proof would, within the meaning of CPLR § 2302(a), provide the board or commission and its members with the authority to issue subpoenas. 1982 Op Atty Gen (Inf) 117.
We conclude that a city, or any other local government, by local law may grant to its board of ethics the authority to conduct investigations, subpoena power and enforcement power.
1976 Op Atty Gen (Inf) 274, which viewed section 808 as a general law, is hereby overruled.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.