Max Bloom, J.
Petitioner, a process server, brings this proceeding to review an order of the Commissioner of Consumer Affairs revoking his license. The facts are not in dispute.
On October 31,1968, a Federal Brand Jury indicted petitioner, together with three others, of depriving “inhabitants of the United States * * * of rights secured and protected by the Constitution of the United States * * * in that he caused default judgments to be entered against said inhabitants in the Civil Court of the City of New York, County of New York, by having signed affidavits of service when in fact he had not served summonses and complaints on said inhabitants.” Six: of the 24 counts were leveled against the petitioner. On March 10, 1971, defendant, after trial by the court and a jury, was convicted of three counts of ‘ ‘ sewer service ’ ’ and acquitted on three counts. He was fined the total sum of $500 and placed on probation for a period of one year. Appeal was taken to the United States Court of Appeals for the Second Circuit. On June 8, 1971, an order was entered by the Second Circuit conditionally dismissing the appeal. The condition not having been complied with, an order was entered on July 15, 1971, dismissing the appeal.
The statute mandating the annual licensing of process servers (Local Laws, 1969, No. 80 of City of New York) was enacted by the City Council on December 11, 1969 and approved by the Mayor on December 29, 1969 to become effective on April 1, 1970. With specified exceptions it mandates that all persons engaged in the business of serving process be licensed by the Commissioner of Consumer affairs. The Administrative Code (Administrative Code of City of New York, § 773a-7.0) authorizes the Commissioner ‘ ‘ to hear and determine complaints against licensees, and to suspend or revoke any license or permit ’ ’ issued by her. Under subdivision d of that section she is empowered to delegate the power to take testimony and to subpoena witnesses and records.
*916 Pursuant to Local Law No. 80 petitioner filed application with the Commissioner of Consumer Affairs to be licensed. It is undisputed that his application disclosed the pendency of the indictment against him. Inasmuch as the guilt of petitioner had not then been determined, he was notified that a license would be issued to him upon condition that he execute a stipulation acknowledging that such issuance was without prejudice to further investigation into petitioner’s background and conduct and to thereafter approve, disapprove or deny the application for a license or to revoke, cancel or suspend the license.
On April 1, 1971, petitioner’s license came up for renewal. By that time the judgment of conviction had been entered against him in the Southern District of New York. However, there was then pending an appeal to the Second Circuit from that judgment. Accordingly, upon execution of a stipulation which took cognizance of the situation, a renewal license issued on April 1, 1971. On December 3, 1971, following the dismissal of petitioner’s appeal by the Second Circuit, proceedings were instituted by respondent against petitioner to revoke or suspend his license or to otherwise discipline him bottomed upon the Federal conviction. A hearing was held on December 20, 1971 which, on February 16, 1972, was followed by a revocation of petitioner’s license. Numerous preliminary objections were raised at the outset of the hearing. These included the claims (1) that service of the notice of hearing had been made by ordinary mail and, therefore, jurisdiction had not been obtained; (2) the hearing officer was neither qualified nor impartial; (3) that the Commissioner of Consumer Affairs is not impartial against process servers and, therefore, should be disqualified from passing upon the matter; (4) that the proceedings were tape recorded under the control and guidance of the hearing officer; and (5) that the Commissioner of Consumer Affairs was guilty of laches.
The first four objections may be dismissed summarily. The fifth objection, although entitled to some individual consideration, is plainly without merit. That respondent awaited the final disposition of the Federal proceeding before acting is indicative of a sense of the legal niceties which merits commendation rather than a charge of dilatory action.
Examination of the record makes abundantly clear the Commissioner’s justification for the finding that petitioner had been found guilty of failing on three occasions to make service in the manner sworn to by him. This finding was neither arbitrary nor capricious and is amply justified by the evidence.
*917 The punishment imposed presents a more difficult situation. While it poses a question appropriate for review (CPLR 7803, subd. 3; Bovino v. Scott, 22 N Y 2d 214), it may be altered only ‘ ‘ if the measure of punishment or discipline imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one’s sense of fairness ” (Matter of Stolz v. Board of Regents of Univ. of State of New York, 4 A D 2d 361, 364). While there is no seismograph for precise calibration of shock to one’s sense of fairness indicia have been left along the road by the courts. Thus, in Bovino (supra), a fireman had been found guilty, among other things, of obtaining, without authority, over a period of two and one-half years, police and fire badges which he sold without concern for their ultimate use. Additionally, he was found to have participated in the sale of fire extinguishers. The Fire Commissioner ruled that he be dismissed from the department. The Appellate Division modified by reducing the punishment to suspension for six months. The Court of Appeals held this modification to be too substantial and increased it to a suspension of two years.
In Matter of Shander v. Allen (28 A D 2d 1150, affd. 24 N Y 2d 974), the license of a certified public accountant was revoked upon the ground that he had engaged in fraud, deceit and gross negligence in the practice of his profession; that he had been guilty of unprofessional conduct; and that he had pleaded guilty to the commission of a misdemeanor. It was held that the punishment was excessive and the matter was remanded to the Commissioner of Education and the Board of Regents to fix a period of suspension in lieu of revocation (see, also, Matter of Sherman v. Oswald, 31 A D 2d 516; Matter of Becker v. New York State Liq. Auth., 21 N Y 2d 289).
There can be no doubt that the crimes of which petitioner was found guilty were serious. Moreover, they related directly to performance of the very function here involved. It is of small moment that they occurred before the licensing provision became law. On the other hand, there has been no claim that petitioner has been guilty of any misconduct since the licensing law has become effective. He is currently president of the Independent Process Servers Association and in that capacity has participated in conferences with various public agencies in the endeavor to clean up the abuses which led to the licensing law. His entire income is derived from his labors as a process server.
In these circumstances the punishment imposed was too severe. The matter is remitted to the Commissioner of Consumer Affairs to impose a period of suspension in lieu of the revocation hitherto ordered (Matter of Shander v. Allen, supra).