■ BERNARD BIALO, Respondent, v. BESS MYERSON, as Commissioner of the Department of Consumer Affairs of the City of New York, Appellant.— Judgment, Supreme Court, New York County, entered September 13, 1972,

granting the petition to the extent of setting aside the punishment of license revocation imposed and directing that, in its stead, a punishment of suspension be imposed, unanimously reversed, on the law, without costs and without disbursements, and vacated, the determination of the Commissioner is reinstated, and the petition dismissed. Petitioner, a process server, had been tried in the Federal District Court for the Southern District and was found guilty on three counts of making false affidavits of service. The appeal from this conviction was dismissed by the Second Circuit Court of Appeals for failure to prosecute. The Department of Consumer Affairs had conditionally issued a license to petitioner pending the outcome of that case. After the appeal was dismissed and a hearing was held by the Department of Consumer Affairs, petitioner's license was revoked. Special Term remanded the proceeding for imposition of a punishment less severe. We have previously sustained (without opinion) revocation or denial of licenses on the basis of similar underlying facts in *Tauber* v. *Stern* (42 A D 2d 691) and *Potash* v. *Grant* (41 A D 2d 803); also, cf., *Matter of Holstein* (43 A D 2d 9, 10). Since the truthfulness of the statements in the documents signed by petitioner is the *sine qua non* of the faithful performance of his duties, and proper performance of those duties is essential to the integrity of the judicial process, a punishment less severe than license revocation will not suffice. Concur — McGivern, P. J., Markewich, Nunez, Capozzoli and Lane, JJ. [70 Misc 2d 914.]