OPINION OF THE COURT
Helen E. Freedman, J.
In this CPLR article 78 proceeding, petitioner seeks to *281 annul a determination of the Department of Consumer Affairs (DCA) which both revoked his process serving license and imposed a fine of $4,550.
After a routine check of records of process servers in February 1984, respondents charged petitioner with 13 violations of the Process Service Law (Administrative Code of City of New York, ch 32, tit B, art 43) and its regulations. Ten of the alleged violations consisted of preparing affidavits of service and logbook entries which indicated service was made on two different persons at two different addresses at exactly the same time or within a 10-minute period, when in fact the addresses were a considerable distance apart and such timing would be physically impossible. Three of the violations were of a clerical nature. They included: failure to state the title of the action in the process server log; failure to keep records in chronological order in one bound paginated volume; and failure to make corrections in the log by drawing one straight line through the incorrect data.
A hearing was held on January 16, 1985 before Hearing Officer Karen Miller pursuant to a notice dated December 18, 1984. The notice stated that petitioner had a right to be represented by counsel and indicated that if petitioner was found guilty, he might have to pay a fine and his license could be suspended or revoked.
Petitioner appeared at the hearing without counsel. Respondent was represented by Christopher Fitzpatrick, Esq., General Counsel, Department of Consumer Affairs. David Schpiro, Service Inspector of the Department of Consumer Affairs, testified.
At the hearing, respondent’s witness established by using Hagstrom maps of Brooklyn that service at the various addresses set forth in the logbook and affidavits of service could not have been made at the times so indicated. Respondent’s witness also gave evidence of noncompliance with regulations concerning the mode of maintaining logbooks. Petitioner did not cross-examine respondent’s witness but merely protested that the services had been properly made and that all of the charges involved were clerical errors as to dates and times or mode of maintaining books. He indicated that he was an "innocent man” and that he kept different logbooks because of the different agencies for whom he worked. He also stated that he had been in business for less than two years, was 62 years old and had done the best he could without specific DCA training.
*282 On February 13, 1985, Hearing Officer Karen Miller rendered a decision which was approved by Robert S. Bookman, Director of Adjudication, finding that each of the violations charged had been committed, that a fine of $350 per violation should be imposed, and that petitioner’s process serving license should be revoked. On April 4, 1985, Robert S. Book-man, Director of Adjudication, denied petitioner’s appeal on the ground that "claiming to be in two places at the same time is more than a mere 'clerical error’, it is a fundamental violation of the very purpose of the Process Service Law.”
In this proceeding, petitioner claims that the proceeding and determination violated his right to due process, that the determination to revoke his license and impose a fine was not supported by the facts and that the revocation and fine are arbitrary, capricious and an abuse of discretion. Petitioner points out that no individual aggrieved by alleged improper service testified; that at most, he (petitioner) was guilty of keeping poor records and making clerical errors; that he was not represented by counsel at the hearing; that the only evidence against him was based on Inspector Schpiro’s testimony re records and review of a Hagstrom map; and that he received no training from the Department of Consumer Affairs in appropriate procedures for serving process or maintaining records. He also states that he is 62 years old and performed to the best of his ability. Petitioner’s counsel argues that he had difficulty obtaining the transcript of the hearing; that final charges were amended after the hearing without proper notice; and that the same person, Robert Bookman, both approved the original findings of the hearing officer and determined the administrative appeal.
Respondents indicate that notwithstanding all of the above arguments, petitioner cannot dispute the fact that Process Service Law regulation III, requiring a single bound paginated volume and single straight lines, was violated. Similarly, it is contended that petitioner’s affidavits and logs showing services of process at the same or almost same times, despite physical impossibility, violated Process Service Law regulations IV and V. These regulations were duly promulgated pursuant to Administrative Code, chapter 32, title B, article 43 by the Commissioner of Consumer Affairs and were designed to implement the record-keeping provisions of General Business Law, article 8, § 89-c. Respondents invoke the limitations upon judicial review of administrative determinations indicating that the agency determination was neither arbitrary nor *283 capricious, nor contrary to the evidence adduced at the hearing. Respondents also state that it was determined that petitioner was well aware of regulations III, IV and V, but such assertion is not supported by the record.
As to the objections made by counsel, namely, that petitioner was unrepresented; that the transcript was difficult to obtain; that evidence was presented by David Schpiro alone, or that Robert Bookman served in two capacities; the court does not find that these constitute any basis for overturning the decision. The hearing was conducted fairly, appropriate warnings were given, and petitioner was advised of his right to counsel. There was no ambiguity concerning the charges and petitioned was given sufficient opportunity to refute the evidence adduced both at the hearing and afterward. The conclusions reached, namely, that petitioner claimed to be in more than one place at the same time, is amply supported by the evidence. Robert Bookman’s dual role does not violate any concept of fundamental due process.
Moreover, while petitioner argues that he was merely a part-time process server, 62 years of age, seeking to supplement a pension, and untrained by the Department of Consumer Affairs, these arguments do not excuse failure to comply with both departmental regulations and statutory requirements concerning service of process. Service of process is an extremely serious matter in that it is the major notice that legal proceedings have been commenced and meticulousness is absolutely essential. Loss of property or indeed one’s home may result. If petitioner was not aware of the statutory requirement or departmental regulations, he was under an absolute obligation to become aware of these regulations.
In reviewing an agency determination, the function of the court is limited and substantial discretion must be accorded to the agency in applying and interpreting its regulations. The court must not substitute its judgment for that of the agency unless it is arbitrary and capricious. (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Marsh v Hanley, 50 AD2d 687.) While this court may not have reached all of the same conclusions that Hearing Officer Miller did, her conclusions, that regulations III, IV and V were violated, were amply supported by the evidence and cannot be said to be arbitrary or capricious. For the same reason, the agency is given wide latitude in determining the penalty to be imposed, and unless a penalty is so disproportionate as to shock one’s conscience, it should be upheld. (Matter of Pell v Board of *284 Educ., supra.) A license revocation was upheld in Bialo v Myerson (44 AD2d 796 [1st Dept 1974]), where a process server was found to have made three false affidavits of service. The decision to revoke petitioner’s license, while harsh, does not shock the court and for that reason, will be upheld.
However, in view of petitioner’s age, the fact that he had been working part time for less than two years, and the fact that he appears to be in moderate circumstances, the fine of $4,550 added to the severe penalty of license revocation does shock the conscience of the court. For that reason, the fine is reduced to $500.
The court notes that in regulating and xponitoring the activities of process servers, the Department of Consumer Affairs is performing an extremely important function and must not be discouraged in its efforts. At the same time petitioner raises a valid point, albeit not a determinative one, that the Department should also provide some training concerning proper methods of service and compliance with its regulations. In addition, it may be advisable to issue further warnings to all licensed process servers that failure to comply to the letter may well result in license revocation and severe penalties.
The court also wishes to note that the time has long come for the Legislature to take a hard look at process serving in general in the State of New York. The statutory methods of process serving (CPLR 308) are cumbersome and often encourage avoidance of service by defendants and short cuts by plaintiffs. In many instances, various forms of mail service would be more than sufficient to notify parties that a lawsuit has been commenced. Furthermore, some of the problems sought to be addressed by DCA, namely, "sewer service”, might be alleviated by the use of Marshals and Sheriffs as is done elsewhere rather than reliance upon our current system of "process servers”.