*562 OPINION OF THE COURT
Helen E. Freedman, J.
Motion by defendant to confirm the report of the Referee is disposed of as follows.
Disposition of this motion to dismiss for lack of personal jurisdiction was held in abeyance pending a hearing and report by a Referee. The hearing was conducted in November 1985 and January 1986, and the Referee made factual findings regarding the circumstances surrounding delivery of the summons, but he declined to make a recommendation concerning the validity of the service.
The facts as found by the Referee, and confirmed by this court, are as follows. On January 3, 1983 at about 5:00 p.m., process server Joel Kane told a clerk at defendant’s medical records office that he had process to serve. Maria Perez, a supervisor in the office, and a person authorized to accept service of subpoenae, took the papers handed to her by Kane. She told Kane that she had no authority to accept summonses and directed him to the finance and insurance office to serve process. Kane told Perez that he was leaving the summons with her and refused to take it back from her.
The next business day, January 4, 1983, Perez called the finance and insurance office and was told to forward the summons. The summons was received at the insurance office no later than January 5, 1983. Process was received and defendant hospital defended the action.
Defendant argues that the court is constrained to invalidate the service because personal delivery was not made in the first instance to the specific person or office designated by the corporate defendant as its "agent”. However, it is undisputed here that notice of this lawsuit was received by the office actually designated by defendant as its agent for service of process pursuant to CPLR 311 and that the action has been vigorously defended.
The leading case of the issue of service upon a corporation is Fashion Page v Zurich Ins. Co. (50 NY2d 265). In that case the summons was served upon an "Executive Secretary” to whom the process server had been directed by a receptionist. The secretary accepted the papers saying "I can take it” in response to a question about her authority to accept service. She then gave the papers to the corporate officer for whom she *563 worked. Although the secretary was neither an officer, director, managing agent, nor a person expressly authorized by the corporation to accept service on its behalf, the Court of Appeals found that under all of the circumstances, service was appropriate. The court noted that the trend was to "enlarge rather than diminish the list of those who may accept process on behalf of the corporation.” (Supra, at 271.) It went on to say that "The purpose of CPLR 311 (subd 1) is to give the corporation notice of the commencement of the suit” and that serving designated persons " 'lead to a just presumption that notice to them will be notice to the * * * corporation’ ” (at 271-272).
While the case at bar is distinguishable in that Maria Perez was not designated by the corporaton to accept service of summonses, in determining whether she was an appropriate person with whom to leave the papers, CPLR 311 should not be construed in a "narrow and technical manner” (supra, at 271). Here, Ms. Perez was one of those persons authorized by the hospital to accept subpoenae. While the court does not find that that fact alone would estop defendant from challenging jurisdiction, Ms. Perez obviously comprehended the significance of the summons and routed it to the appropriate office. When that office received the summons, it neither rejected, returned, nor ignored it.
The hospital received the same notice of the suit as it would have had the process server taken the extra steps to serve the finance office. The defendant has not been prejudiced in any way by the manner of delivery of the summons. On the other hand, although the court does not condone irresponsible actions by process servers, to invalidate service here would be to deprive plaintiff of her day in court inasmuch as the Statute of Limitations has run.
The court notes, as it has done previously, that this entire problem would be obviated by legislative action designed to simplify service of process (see, Matter of Hecker v Department of Consumer Affairs, 131 Misc 2d 280). An alternative of mail service with a procedure for acknowledging receipt by a defendant would undoubtedly serve the purpose of providing adequate notice of commencement of a lawsuit without burdening plaintiffs and process servers with the task of identifying appropriate recipients and risking forfeiture by making an erroneous identification.
*564 Accordingly, under all of the circumstances of this case, the court finds that service on Maria Perez was valid and jurisdiction has been properly obtained over Mt. Sinai Hospital. The traverse is overruled and the motion for summary judgment is denied.