■   Louis J. Lefkowitz, as Attorney-General of the State of New York, Respondent, v. Cornell University et al., Respondents, and CAL Technical Staff Association, by Charles E. Treanor, President, Applicant for Intervention as Plaintiff, Appellant.— Motion to dismiss appeal denied. Order unanimously affirmed, without costs. (Appeal from order of Erie Special Term denying motion to intervene. Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.

■   Arlethia Brown, Appellant, v. James S. Brown, Respondent.— Order unanimously affirmed, without costs. Memorandum: Additional support for Special Term's conclusion that costs of publication are not included in the items provided for poor persons or for which they are excused from payment by CPLR article 11 is found in the Second Preliminary Report of the Advisory Committee on Practice and Procedure [1958]. There the committee, which drafted the article substantially as it was enacted, described the article as "a reorganizational and consolidation" of the sections and rules then existing with regard to poor persons, which was "merely a recodification of present statutes and rules" (p. 387). Changes which were effected by the new statute are discussed at length in the report and nowhere is there any reference to payment of auxiliary expenses in the form of costs of publication by the county. The note to the section listing the poor person's right to assigned counsel, a stenographic transcript, appeal on typewritten papers and freedom from liability for costs and fees unless a recovery is had in his favor states that this rule "enumerates the privileges which inure to a person who is permitted to proceed as a poor person" (p. 392). In view of these clear indications that there was no intent to add to the benefits accruing to poor persons by the enactment of article 11 of the CPLR, the argument that this article is statutory authority for payment by the county of appellant's costs of publication is without merit. We do not reach the constitutional question urged by appellant for the first time on this appeal. It is conceded that the issue of whether denial of access to the courts in a matrimonial action by reason of indigency violates the Equal Protection Clause of the constitution was intentionally not raised or presented at Special Term. Ordinarily constitutional questions are deemed to have been waived on appeal if they were not raised in some manner in the court below. (*People* v. *De Renzzio,* 19 N Y 2d 45, 50–51; *People* v. *Friola,* 11 N Y 2d 157, 159; *Von Diezleski* v. *Food Fair Stores,* 18 A D 2d 724.) (Appeal from order of Onondaga Special Term, denying motion to charge publication cost to county.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Bastow and Henry, JJ.