■    In the Matter of JOHN MARSH, Petitioner, v FRANCIS E. HANLEY, as Commissioner of Public Safety of the City of Albany, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Public Safety of the City of Albany, dismissing petitioner from his position as a member of the Police Department of the City of Albany. On this proceeding, petitioner contends that the determination of the Commissioner was arbitrary, capricious and not supported by substantial evidence. In a review of administrative determinations, appellate courts do not review the facts *de novo* and arrive at an independent determination. Our function is to scrutinize the record and determine whether the decision of the administrative agency is supported by substantial evidence and not arbitrary and capricious *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222). The record indicates that police officers went to the communications division of the police department to investigate the reason why incoming calls to the department were not being answered. On their arrival, they discovered the petitioner, who was the person in charge of such calls, stretched out on several chairs with a pillow under his head. Although the telephones were ringing, he was asleep. Petitioner testified that he had been taking medicine (not a drug) for an ear infection and further testified that, on the night in question, all he remembered was sitting at his duty station and then being awakened by the Deputy Chief. We conclude that on this record there is substantial evidence to support the decision of the commissioner. The petitioner further alleges that the punishment of dismissal was excessive. Such a penalty can only be set aside if it can be said "as a matter of law that the sanction imposed * * * was so harsh and excessive, so disproportionate to the offense as to be shocking to one's conscience" *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, supra,* p 239; *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250). Appellate courts should "exercise restraint before intruding into matters involving internal discipline and morale" *(Matter of Ahsaf v Nyquist,* 37 NY2d 182, 185). The petitioner was the person in charge of all incoming reports of crimes, requests for ambulances, reports of accidents and all other emergency-type communications. Dismissal for sleeping on duty when one is charged with such a heavy responsibility cannot be said to be irrational or shocking to the

conscience. Further, the petitioner alleges that the procedure pursuant to section 75 of the Civil Service Law deprives him of his right to employment without due process of law. Due process requires that an individual be afforded an opportunity to be heard at a meaningful time and in a meaningful manner *(Goldberg v Kelly,* 397 US 254). The procedure established by the Civil Service Law conforms to the essentials of due process. Petitioner received written notice of his alleged misconduct, was advised that he could be represented by counsel and was given the right to testify, to produce witnesses and to cross-examine witnesses. A record was developed which assured a meaningful judicial review. Under such circumstances, the due process essentials were more than adequately met in this proceeding. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.