■ In the Matter of EDITH E. RITZEL et al., Respondents-Appellants, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, Appellant-Respondent, and ANTOINETTE HYER, as

Commissioner of the Department of Social Services of the County of Oneida, Respondent. — Judgment unanimously modified, and, as modified, judgment, and order, affirmed without costs. Mémorandum: In this article 78 proceeding judgment was entered which affirmed a decision after fair hearing dated October 2, 1979, annulled a notice of fair hearing dated October 25, 1979, and ordered respondent Blum to issue a new notice of fair hearing which would comply with the requirements of section 301 of the State Administrative Procedure Act. Petitioners appeal from the part of the judgment which affirmed the decision after fair hearing dated October 2, 1979. It is argued that because the notice of fair hearing was defective, the State Department of Social Services was without jurisdiction to proceed to the fair hearing. Since petitioners were not aggrieved by the decision after fair hearing which rejected the local agency's determination to discontinue medical assistance to petitioner Edith Ritzel, the question of the sufficiency of that notice of fair hearing is academic. Respondent Blum appeals from the remaining parts of the judgment. At issue is whether the State Department of Social Services' notice of fair hearing must itself contain the information set forth in subdivision 2 of section 301 of the State Administrative Procedure Act. That subdivision provides in relevant part as follows: "All parties shall be given reasonable notice of such hearing, which notice shall include (a) a statement of the time, place, and nature of the hearing; (b) a statement of the legal authority and jurisdiction under which the hearing is to be held; (c) a reference to the particular sections of the statutes and rules involved, where possible; (d) a short and plain statement of matters asserted." Significantly, the regulations (18 NYCRR Part 358) require the agency to furnish the recipient with more detailed information than is required by the act (see *Matter of Brown v Lavine,* 37 NY2d 317). Under the regulatory scheme it is the notice of intent to discontinue which must state the reasons for the discontinuance (18 NYCRR 358.8 [a] [2], 360.15 [c]). Those reasons must be detailed and specific *(Goldberg v Kelly,* 297 US 254; *Matter of Simmons v Van Alstyne,* 65 AD2d 869); and the decision after fair hearing must be based upon the reason or reasons given *(Matter of Simmons v Van Alstyne, supra; Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867). The regulations therefore, in furtherance of the broad due process provisions of the act, serve to particularize the recipient's due process rights and insure that the recipient is precisely informed of the proscribed conduct or failure to act upon which the proposed discontinuance of benefits is based. Thus it is not inconsistent with the legislative and regulatory design to read together the notice of intent to discontinue and the notice of fair hearing in order to determine whether there is compliance with subdivision 2 of section 301 of the State Administrative Procedure Act. Here, however, those documents read together are inadequate to satisfy the statutory standard. The local agency's "NOTICE OF INTENT TO DISCONTINUE MEDICAL ASSISTANCE AUTHORIZATION" sets forth the following as the reason for the proposed discontinuance: "Transfer of house pursuant to Social Service *[sic]* Law 366, Section 1, Paragraph (e): Has not made a voluntary (assignment or) transfer of property (i) for the purpose of defeating any current or future right to recovery of medical assistance paid." Since it is obvious that the notice fails to establish a basis for discontinuance of medical assistance and there is nothing in the notice of fair hearing, to correct the defect, the trial court's annulment of the October 25, 1979 notice of fair hearing must be affirmed, but without prejudice to issuance by the local agency of a corrected notice of intent to discontinue medical assistance. We do not reach the constitutional question urged by petitioners for the first time on this

appeal. The petition does not challenge the constitutionality of section 366 (subd 1, par [e]) of the Social Services Law. The issue was not presented to the trial court and is not now properly before us *(Telaro v Telaro,* 25 NY2d 433; *People v De Renzzio,* 19 NY2d 45, 50-51; *Brown v Brown,* 34 AD2d 727). Finally, having concluded that the notice of fair hearing may be read together with the notice of intent to discontinue in order to determine compliance with section 301 of the State Administrative Procedure Act, there is no need to address petitioners' appeal from the denial of their motion to maintain the proceeding as a class action. (Appeals from judgment and order of Oneida Supreme Court — art 78.) Present — Dillon, P.J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.