■ In the Matter of NICHOLAS SCHEVCHIK, Petitioner, v BARBARA BLUM, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the State Department of Social Services which sustained the denial of petitioner's request for a grant to cover the cost of property repairs. The petitioner alleges that in February of 1979 the temperature plunged to such depths for an extended period of time as to cause the virtual destruction of the entire plumbing system of his home. Although petitioner was a recipient of public assistance at the time, he did not notify the agency of his plight but contends that he advised a caseworker, who, he complains, failed to advise him of his right to seek additional assistance. Sometime in April, without notice to or approval from the agency or anyone in authority, petitioner himself made arrangements for the repair of the system at a cost substantially in excess of $2,000. In late October petitioner wrote to the agency seeking reimbursement for the expenditures. By letter dated November 5, 1979 his request was refused upon the ground that there had been no opportunity afforded the agency for inspection and appraisal. Some six months later petitioner demanded a fair hearing, which, despite the county's protest that the request was untimely (Social Services Law, § 22, subd 4), was nonetheless granted. After the hearing, the State commissioner affirmed the local agency's determination on two alternative grounds: (1) that petitioner was not a current recipient of assistance (citing 18 NYCRR 381.3 [e]) and (2) that since the repairs were made more than six months before any request, the agency had no opportunity to investigate or make any determination as to the essentiality of the repairs before they were done. Petitioner brings this proceeding asserting that he was denied due process because of a lack of sufficient notice as to the grounds for denial of his request, that respondent's reliance on 18 NYCRR 381.3 (d) was erroneous and that the State commissioner's decision was not supported by substantial evidence. We find no merit to the due process argument. The November 5, 1979 letter and the information on the fair hearing summary,

which should be read together when determining compliance (cf. *Matter of Ritzel v Blum,* 81 AD2d 1029), constituted notice reasonably calculated, under all the circumstances, to apprise petitioner of the hearing and afford him an opportunity to present his objections (*Mullane v Central Hanover Trust Co.,* 339 US 306, 314; see *Silverstein v Minkin,* 49 NY2d 260). Turning to the second alternative ground, we find it sufficient to sustain the commissioner's determination. Petitioner concedes in his testimony that he did not notify the local agency of the damage or consult with them in any manner prior to making the arrangements for repairs. While he testified as to some vague conversation with a caseworker, he sat in silence at the hearing while his representative described the October, 1979 letter as the "first request" of the local agency. He offered no plausible excuse for not notifying the agency and for not making a claim until the repairs had been accomplished and six months had passed. It cannot be seriously doubted that the agency was entitled to notice of the damages within a reasonable time so as to provide an opportunity to investigate and appraise. To hold otherwise would constitute an open invitation to fraud and collusion and to waste and extravagance and would negate an agency's attempts to fulfill its obligation to protect the public weal. This is not a situation where the agency received reasonable notice and took no action and so became responsible (*Matter of Locklear v Wyman,* 42 AD2d 569). Instead this claim, like the second claim in *Matter of Locklear (supra),* must be denied because the repairs were made without prior notice and approval. This record provides substantial evidence to support the commissioner's second alternative ground that the agency had no notice or opportunity to investigate or to make a determination as to essentiality of the repairs and the determination should, therefore, be confirmed. We reach no other issue. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.