■ ROBERTS-GORDON APPLIANCE CORP., Respondent, v M. PARISI & SON CONSTRUCTION CO., Appellant. — Order and judgment unanimously affirmed, with costs. Memorandum: Plaintiff's documentary and other proof demonstrated its entitlement to summary judgment. It then became defendant's burden to demonstrate by admissible evidence the existence of a factual issue requiring a trial (see *Zuckerman v City of New York,* 49 NY2d 557). Defendant failed to do so and Special Term properly granted summary judgment. The affidavit submitted by defendant's employee contains nonspecific and conclusory averments which do not refute the documentary proof submitted by plaintiff. (Appeal from order and judgment of Supreme Court, Erie County, Cook, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Boomer and Moule, JJ.

■ In the Matter of CITY OF UTICA, BOARD OF WATER SUPPLY, Petitioner, v NEW YORK STATE HEALTH DEPARTMENT et al., Respondents. — Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: The fact that laboratory technicians who conducted color tests on water supplied by petitioner were not called by respondent to testify at the administrative hearing does not require a finding that the determination of the hearing officer was not supported by substantial evidence. The reports of the Department of Health showing unacceptable contaminated levels for color were offered and received into evidence. Such reports are not only admissible, but are presumptive evidence of the facts stated therein (Public Health Law, § 10, subd 2); thus it was not necessary for respondent to call the technicians who ran the tests in order to establish a prima facie case. Moreover, petitioner itself was free to call these persons (see State Administrative Procedure Act, § 304, subd 2). Though their absence could affect the credibility of respondent's proof, this was a question for the hearing officer. In reviewing an administrative determination the court should not reweigh the evidence and substitute its own judgment for that of the tribunal (*Matter of Purdy v Kriesberg,* 47 NY2d 354, 358). The question, instead, is whether "a conclusion or ultimate fact may be extracted reasonably — probatively and logically" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). We hold that, here, the test of substantial evidence has been met. Petitioner's argument that the provisions of the State Sanitary Code (10 NYCRR 5-1.51 [c]) are unconstitutionally vague is not raised in the petition and, therefore, is not properly before us (*Matter of Ritzel v Blum,* 81 AD2d 1029; *Matter of Cooper v Tully,* 79 AD2d 757). Were we to consider the argument we would find it to be meritless. The test for vagueness requires only that a reasonable person be informed of the nature of the offense prohibited and what is required of him (*Matter of Pomeroy v Whalen,* 44 NY2d 992, 994). The tests employed by the department are known to petitioner and compliance places no extraordinary burden on it. Laws and regulations enacted to protect the public health are to be liberally construed (*Matter of Slocum v Berman,* 81 AD2d 1014, mot for lv to app den 54 NY2d 602). (Article 78 proceeding transferred by order of Supreme Court, Oneida County, Miller, J.) Present — Dillon, P. J., Hancock, Jr., Doerr, Boomer and Moule, JJ.