■ In the Matter of ALFRED L. SORRENTINO, Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated February 16, 1988, which, after a hearing, sustained certain disciplinary charges against the petitioner, assessed a civil penalty of $1,000, and suspended his license to practice funeral directing for 24 months with 18 months deferred.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, a practicing funeral director licensed by the respondent, was charged with practicing "fraud and deceit" in the conduct of his business in that he notarized a blank "Application for Cremation Permit" and furnished it to another funeral director who thereafter forged the signature of the complainant in this case and used the document to have the body of her husband cremated without her consent.

There is substantial evidence in the record to support the respondent's determination that the petitioner violated Public Health Law § 3450 (1) (e) and (f) and 10 NYCRR 77.12 (c) (1). Contrary to the petitioner's contention, the report of the respondent's investigator, which included, among other things, an admission by the petitioner that he notarized a blank document and gave it to a colleague, was properly admitted into evidence at the hearing as presumptive evidence of the petitioner's guilt (see, Public Health Law § 10; *Matter of Utica Bd. of Water Supply v New York State Health Dept.,* 96 AD2d 719; *Matter of Erdman v Ingraham,* 28 AD2d 5).

Furthermore, the penalty imposed was not so disproportionate to the misconduct, in light of all of the circumstances presented, as to be shocking to one's sense of fairness (see, *Matter of Pell v Board of Educ.,* 34 NY2d 222).

We have examined the petitioner's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.