■ In the Matter of JUANITA BOYD, Petitioner, v WILLIAM GRINKER, as Commissioner of the Department of Social Services of the City of New York, et al., Respondents.—

Petitioner maintains for the first time in this proceeding

that respondents failed to provide her with adequate notice as to the grounds for the denial of her request for emergency assistance to pay rent arrears (Social Services Law § 350-j). As this issue was not before the agency, it has not been preserved for review by this court *(Matter of Moschella v Romano,* 110 AD2d 702). Nevertheless, there is no merit to this due process argument as petitioner received a "notice of non-acceptance" informing her that the denial of benefits was due to her "failure to submit requested documents: (1) to apply for a loan; (2) feasible plan as to how [her] future rent will be paid." Since petitioner unsuccessfully addressed the issue at the fair hearing and respondent State Commissioner's determination was based, *inter alia,* on petitioner's lack of a feasible rent plan, petitioner cannot be heard to complain that she did not receive notice reasonably calculated, under these circumstances, to apprise her of the hearing and afford her an opportunity to present her objections *(see, Matter of Schevchik v Blum,* 89 AD2d 680). Moreover, the record belies petitioner's contention that the Administrative Law Judge at the fair hearing conducted the proceeding in a manner prejudicial to her. Petitioner was fully allowed to present her case. The Administrative Law Judge's finding that plaintiff's arrears arose from paying the two commercial rents for the two beauty salons is based upon substantial evidence. Lastly, based upon the evidence before the agency, we cannot say that the denial of benefits was arbitrary or capricious *(see,* Social Services Law § 350-j [2]; *Baumes v Lavine,* 38 NY2d 296; *see also, Matter of Shelton v Perales,* 145 AD2d 952). Concur— Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.