■ In the Matter of LONG ISLAND-AIRPORTS LIMOUSINE SERVICE CORPORATION, Petitioner, v STATE OF NEW YORK DEPARTMENT OF TRANSPORTATION et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent Department of Transportation which revoked two certificates and one permit of operation issued to petitioner.

The primary questions presented in this proceeding are whether (1) petitioner received adequate notice of the hearing, (2) the determinations of respondent Department of Transportation (hereinafter DOT) revoking petitioner's authority to provide transportation violated Transportation Law § 145 (2) rendering them invalid, (3) DOT's findings and rulings were supported by substantial evidence, and (4) the penalty imposed was excessive. Questions (1) and (3) are answered in the affirmative and questions (2) and (4) in the negative. The determinations of DOT should therefore be confirmed.

Petitioner is a domestic corporation authorized by DOT to operate at various times different transportation services. Petitioner was granted permission to (a) provide chartered and special party service, (b) transport passengers on an individual fare basis in vehicles not to exceed 20 passengers from points in Nassau and Suffolk Counties to John F. Kennedy International, La Guardia and MacArthur Airports, and (c) operate bus lines from points in Nassau and Suffolk Counties to Kennedy and La Guardia Airports. In 1986, petitioner entered into bankruptcy and obtained permission to sell the airport businesses to a third party (Long Island-Connecticut). Petitioner announced that it would cease all airport service in January 1987. In June 1987, DOT, in accord with recommendations of an Administrative Law Judge (hereinafter ALJ), denied a request to transfer petitioner's airport business to Long Island-Connecticut, revoked petitioner's authorization to carry on the airport business and gave Long Island-Connecticut authority to start new airport service under the same conditions that petitioner previously enjoyed.

In July 1987, petitioner requested reconsideration of DOT's

June 1987 orders. DOT granted this request in part by giving petitioner permission to transport passengers for a prearranged individual fare in vehicles seating 20. or less passengers between Nassau and Suffolk Counties and MacArthur Airport. In a September 1988 letter, petitioner sought modification of DOT's earlier order to authorize it to operate a bus line with door-to-door share-a-ride travel service between Nassau and Suffolk Counties and La Guardia and Kennedy Airports. Petitioner then received a letter dated December 30, 1988 from DOT's assistant counsel, stating that he was recommending that the prior proceedings be consolidated and a hearing be scheduled to consider or reconsider a number of unresolved issues involving petitioner which he enunciated in the letter. In February 1989 DOT informed petitioner by letter from its Chief Administrative Law Judge (hereinafter CALJ) that, based on the recommendation in the December 30, 1988 letter, it planned to order a new proceeding to consolidate the issues of the various proceedings and to determine what, if any, authority petitioner had or should have. The order to commence the proceeding was issued in April 1989.

A hearing was held on August 2, September 12, 13 and 27, 1989 before an ALJ who, at the conclusion of the hearing, recommended that all authority held by petitioner be revoked. DOT then revoked all of petitioner's authority in March 1990. Petitioner's application for reconsideration of this decision was entertained by the CALJ, and in June 1990 the CALJ recommended that such application be denied. DOT then issued orders denying reconsideration. This CPLR article 78 proceeding challenging the revocation of petitioner's authority ensued.

We find no merit to petitioner's claim that it did not receive adequate notice of the hearing and was therefore deprived of its property without due process of law ending in orders of revocation. The notice given in this case was adequate; after viewing the documents purporting to give petitioner notice, it appears that petitioner was provided sufficient information to afford it an opportunity to present its objections (see, *Matter of Schevchik v Blum*, 89 AD2d 680, 680-681; see also, *Matter of Ritzel v Blum*, 81 AD2d 1029, 1030). The letters of the ALJ and CALJ advised petitioner that all of the issues concerning its authority would be determined in the final hearing and, when read together with the order of April 1989, provided petitioner with adequate notice.

Petitioner's argument that the orders revoking its authority

violated Transportation Law § 145 (2), thereby rendering the orders invalid and void, is not persuasive. This section merely provides that an order revoking a certificate of authority shall not become effective until 30 days after the service of the notice thereof upon the holder of the certificate. The effective date of the orders served on petitioner was to occur in fewer than 30 days; however, the remedy for this defect is not to void the orders but to view the orders as effective 30 days after service. The purpose of this procedural requirement is to give the holder of the certificate 30 days' notice and this can be achieved without voiding the order.

We also find no merit to petitioner's contention that the rulings and findings of DOT were not supported by substantial evidence. In assessing the determination of an administrative agency, " 'the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is "substantial evidence" ' " (Cohen and Karger, Powers of the New York Court of Appeals § 108, at 460, quoting *Matter of Miller v Kling,* 291 NY 65, 69; *accord, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230). This court is not to review the facts of an administrative proceeding de novo *(see, Matter of Marsh v Hanley,* 50 AD2d 687) and the determination of the credibility of witnesses is a task of the Hearing Officer, as the trier of fact, not the court *(see, Matter of Bio-Tech Mills v Williams,* 105 AD2d 301, 306, *affd* 65 NY2d 855; *Matter of Cumberland Farms Food Stores v State Liq. Auth.,* 86 AD2d 742, 742-743, *lv denied* 56 NY2d 504).

Also misguided is petitioner's claim that the ALJ should have adhered to the Interstate Commerce Commission's conclusion that petitioner had a satisfactory safety rating under the doctrine of collateral estoppel in arriving at his findings, rather than ignoring that and other evidence that petitioner's vehicles were safe. An ALJ may properly give preclusive effect to findings of pure fact made in a prior administrative determination in certain situations, but not, as here, where the ultimate determination is a mixture of law and fact *(see, Matter of Engel v Calgon Corp.,* 114 AD2d 108, 110, *affd* 69 NY2d 753).

The findings of fact found by the ALJ are supported by the record. Arguments as to the weight to be given to the evidence and that certain facts should have been accepted and others rejected are not properly directed to the courts *(see, Matter of Marsh v Hanley, supra).*

We also reject petitioner's final contention that the penalty of revocation of all its authority to operate transport services

is excessive. Upon review of the entire record, the penalty imposed cannot be said to be " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ., supra,* at 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364). Here, the ALJ found that petitioner continually operated its buses in an uninspected condition and that the record in general "reflects a total and willful disregard of the [l]aw by [petitioner]". The record contained evidence of petitioner's violation of the Vehicle and Traffic Law, as well as of criminal and tax evasion convictions of petitioner's principals.

Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.