1250

■ In the Matter of BRIAN YAEGER et al., Appellants, v TOWN OF LOCKPORT PLANNING BOARD et al., Respondents. [877 NYS2d 800]—

Appeal from a judgment of the Supreme Court, Niagara County (Frank Caruso, J.), entered October 4, 2007. The judgment granted respondents' motion and dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and respondents are granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determinations of respondents Town of Lockport Planning Board (Planning Board) and Town of Lockport Zoning Board of Appeals (ZBA) granting various applications of respondent McDonald's USA, LLC (McDonald's) with respect to the construction of a restaurant. In moving to dismiss the petition, McDonald's contended, inter alia, that petitioners failed to name the owners of the property in question as necessary parties and that the statute of limitations with respect to them had expired. The Planning Board and the ZBA joined in the motion to dismiss. Supreme Court granted the motion and dismissed the petition "after due consideration of CPLR 1001 (b)." We note at the outset that we reject the contention of McDonald's that the appeal is moot because it has already built the restaurant and opened it for business. Although petitioners did not seek injunctive relief to prevent the construction of the building (*see generally Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172-173 [2002]), they sought relief in the form of building "modifications that do not require demolition of the restaurant."

We agree with petitioners that the court erred in granting the motion to dismiss. At the time of the motion, the property owners were necessary parties pursuant to CPLR 1001 (a), and thus their joinder was required (*see generally Matter of Southwest Ogden Neighborhood Assn. v Town of Ogden Planning Bd.*, 43 AD3d 1374 [2007], *lv denied* 9 NY3d 818 [2008]; *Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick*, 5 AD3d 682 [2004]; *Matter of Artrip v Incorporated Vil. of Piermont*, 267 AD2d 457 [1999]). The expiration of the statute of limitations, however, is not the equivalent of a jurisdictional defect (*see Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 726-727 [2008]) and, pursuant to CPLR 1001 (b), "[w]hen a person who should be joined under subdivision (a) has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned." Because the property owners were subject to the jurisdiction of the court, the court should have "summoned" the property owners (*id.*; *see Windy Ridge Farm*, 11 NY3d at 727; *Matter of Alexy v Otte*, 58 AD3d 967 [2009]). We conclude, however, that the property owners are no longer necessary parties because they have since conveyed their interest in the property to McDonald's. Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.