Matter of Jaquish v Town Bd. of Town of German Flatts (2018 NY Slip Op 02932)





Matter of Jaquish v Town Bd. of Town of German Flatts


2018 NY Slip Op 02932


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


211 CA 17-00307

[*1]IN THE MATTER OF WILLIAM JAQUISH AND VIRGINIA JAQUISH, PETITIONERS-APPELLANTS,
v
TOWN BOARD OF TOWN OF GERMAN FLATTS AND TOWN OF GERMAN FLATTS, RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 






LAW OFFICES OF DUNNING & KRUPA, PLLC, ILION (AUDREY BARON DUNNING OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
YOUNG/SOMMER, LLC, ALBANY (MICHAEL J. MOORE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated judgment, order and injunction) of the Supreme Court, Herkimer County (Norman I. Siegel, J.), entered November 4, 2016 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Town Board of the Town of German Flatts (Board) denying their application for a floodplain development permit (FDP) for a mobile home park located in respondent Town of German Flatts (Town). The Board denied the application on the ground that, inter alia, petitioners did not submit, as required by the Town's Flood Damage Prevention Law, a proper "technical evaluation" for the modifications made by petitioners to a stone wall erosion control structure on the east bank of Fulmer Creek, which was originally constructed by the Town in 2007-2008.
In appeal No. 1, petitioners appeal from a judgment that, inter alia, dismissed the petition. In appeal No. 2, petitioners appeal and respondents cross-appeal from an order that, inter alia, denied both petitioners' motion for leave to reargue and/or renew the petition and respondents' cross motion for costs, attorneys' fees and monetary sanctions. We note as a preliminary matter that, inasmuch as the parties have failed to raise in their briefs any issues concerning the order in appeal No. 2, they have abandoned any challenges with respect thereto (see Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011]; see generally Erie Materials, Inc. v Central City Roofing Co., Inc., 132 AD3d 1309, 1311 [4th Dept 2015]). We therefore dismiss the appeal and cross appeal from the order in appeal No. 2.
With respect to appeal No. 1, we note that, pursuant to the notices to vacate the premises that petitioners served on all tenants of the mobile home park on or before October 31, 2017, such tenants no longer have any interest in the subject real property (see Real Property Law § 228). We therefore conclude that petitioners' contention that the judgment must be vacated because of respondents' failure to join necessary parties, i.e., the tenants, has been rendered moot (see generally Matter of Yaeger v Town of Lockport Planning Bd., 62 AD3d 1250, 1251 [4th Dept 2009]).
Contrary to petitioners' further contention, we conclude that the denial of petitioners' application for an FDP was not arbitrary or capricious, in violation of lawful procedure, or an abuse of discretion (see generally Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 [*2]of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]).
Petitioners' contention that respondents' conduct constituted an unconstitutional taking of petitioners' property is not properly before us inasmuch as it is raised for the first time on appeal (see Brown v Brown, 34 AD2d 727, 727 [4th Dept 1970]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court